HELGESON v. BARZ et al.

RONGSTAD v. BARZ et al.

Civ. Nos. 802, 803.

United States District Court
D. Minnesota, Sixth Division.

Feb. 21, 1950.

Herbert Olson and Romaine R. Powell, Bemidji, Minnesota, for plaintiffs.

Dell, Rosengren & Rufer, Fergus Falls, Minnesota, for defendants.

DONOVAN, District Judge.

The civil actions we are here concerned with were commenced in the State District Court of Beltrami County, Minnesota, to recover damages arising out of a collision between two motor vehicles on a Minnesota highway. Each of the plaintiffs reside in Minnesota. Defendants are citizens of states other than Minnesota. Defendants removed each case to this court, claiming the right so to do by virtue of section 1446, United States Judicial Code.[1]

The plaintiff in each case moved to remand on the ground "that the petitions for removal were not filed within the time * * * specified [by law]."

The files disclose the actions were commenced on December 30, 1949, by service of summons and complaints as provided in 12 Minn.Stats.Ann. § 170.55.[2]

Each case was commenced by mailing two exact copies of summons and complaint to the Commissioner of Highways of Min-

1. The pertinent paragraphs of § 1446, New Title 28 U.S.C.A., read as follows:

"(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a verified petition containing a short and plain statement of the facts which entitle him or them to removal together with a copy of all process, pleadings and orders served upon him or them in such action.

"(b) The petition for removal of a civil action or proceeding shall be filed within twenty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within twenty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. * * *

"(e) Promptly after the filing of such petition and bond the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the petition with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded."

2. "Non-resident owner; resident owner. The use and operation by a resident of this state or his agent, or by a non-resident or his agent of a motor vehicle upon and over the highways of the state of Minnesota, shall be deemed an appointment by such resident when he has been absent from this state continuously for six months or more following an accident or by such non-resident at any time, of the commissioner of highways to be his true and lawful attorney upon whom may be served all legal process in any action or proceeding against him growing out of such use or operation of a motor vehicle over the highways of this state, resulting in damages or loss to person or property, and said use or operation shall be a signification of his agreement that any such process in any action against him which is so served, shall be of the same legal force and validity as if served upon him personally. Service of such process shall be made by serving a copy thereof upon the commissioner or by filing such copy in his office, together with payment of a fee of $2.00 and such service shall be sufficient service upon said absent resident or said non-resident; provided, that notice of such service and a copy of the process are within ten days thereafter sent by mail by the plaintiff to the defendant at his last known address and that the plaintiff's affidavit of compliance with the provisions of this chapter is attached to the summons.

"Subd. 2. The court in which the action is pending may order such continuance as may be necessary to afford the defendant reasonable opportunity to defend any such action, not exceeding 90

nesota, at his business address in the City of St. Paul, on December 28, 1949. By letter dated December 30, 1949, the Commissioner of Highways acknowledged receipt thereof. Thereafter, and on January 2, 1950, two exact copies of said summons and complaint, together with a copy of plaintiffs' affidavit of compliance as required by law, were mailed to defendant Earl C. Barz, Buchanan, Michigan, and to defendant Martin R. Barz, 616 Kaiser Court, South Bend, Indiana, which were the respective addresses of defendants last known to plaintiffs.

Defendants' opposing affidavits disclose that the summons and complaints, with affidavit showing compliance with the Minnesota law, were not received by them until January 5, 1950. Petition and bond for removal were filed with this court on January 23, 1950. Which date constitutes "receipt by the defendant" within said § 1446(b), the date of actual mailing by the Highway Commissioner, or the date the mail was actually received by each defendant?

The initial pleadings described in § 1446 (b) were required to be served on defendants. Prior to the amendment of May 24, 1949, c. 139, § 83, 63 Stat. 101, 28 U.S.C.A. §§ 1446(b), reads as follows: "The petition for removal of a civil action or proceeding may be filed within twenty days after commencement of the action or service of process, whichever is later", and reference to this is made in the Reviser's Notes, Title 28 United States Code, at page 1857, as follows: "Subsection (b) makes uniform the time for filing petitions to remove all civil actions within twenty days after commencement of action or service of process whichever is later, instead of 'at any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead' as required by section 72 of title 28 U.S.C., 1940 ed. As thus revised, the section will give adequate time and operate uniformly throughout the Federal jurisdiction."

Are we to assume the uniformity thus sought was intended by Congress to be abandoned by reason of the change in phraseology in the 1950 Revised Edition, supra? I think not. The words used indicate the intent of Congress to carry out the expressed desire to make "uniform the time for filing petitions to remove all civil actions."

Section 170.55 of the Minnesota Statutes, when complied with by plaintiffs, designates the Commissioner of Highways the agent of defendants for the purpose of accepting service of process. The authorizing of substituted service on non-residents for damages growing out of the use of Minnesota highways is nothing new. Schilling v. Odlebak, 177 Minn. 90, 224 N. W. 694. The statute must be strictly complied with, and there seems to be such compliance by plaintiffs, as reflected by the files in these two cases.

To adopt defendants' interpretation suggesting that the twenty-day period does not commence to run until the process is in the hands of defendants and read by them, would result in much confusion. Substituted service would be effective on different dates, depending upon the relative nearness or remoteness of the states wherein the different defendants may reside.

Moore's Commentary on the United States Judicial Code (1949 Edition), after quoting § 1446 (effective September 1, 1948), supports this reasoning, at pages 272, 273, which I quote: "Since there are so many diverse state methods for the commencement of an action, and since in some states an action is commenced by the service of process and without the necessity of serving a complaint, the amendatory Act of 1949 revised § 1446(b) so that it would mesh better with all the divergent state practices, but with the underlying principle of subsection (b) to remain undisturbed. This principle is that the petition for removal of a civil action or proceeding is to be filed with the federal district court with-

days from the date of filing of the action in such court. The fee of $2.00 paid by the plaintiff to the commission at the time of service of such proceedings shall be taxed in his cost if he prevails in the suit. The said commissioner shall keep a record of all such processes so served which shall show the day and hour of such service. As amended Laws 1949, c. 582, § 1."

432

in a definite, ascertainable time period; and that the time period be a relatively short one. Rule 81(c) [Federal Rules of Civil Procedure, 28 U.S.C.A.] provides that the Federal Rules govern procedure after removal; and the amended rule clearly implies that if the removal petition is timely the right of removal is not lost by the defendant answering or taking other steps in the state court prior to the filing of the removal petition in the federal court."

█ When the Commissioner of Highways was served herein he was acting as the designated agent of defendants for that express purpose, and when he was served and the affidavit of service forwarded by plaintiffs as required by the statute, the twenty-day period began to run. That period had expired prior to the filing of the petition for removal herein. Hence the defendants' petitions for removal are denied, and plaintiffs' motion to remand in each case in granted. It is so ordered.