**YOUNGSON v. LUSK et al.**
Civ. No. 56.

United States District Court
D. Nebraska, Lincoln Division.

Jan. 3, 1951.

Druliner & Druliner, Benkelman, Neb., Butler & Eisenhart, Cambridge, Neb., and Perry & Perry, Lincoln, Neb., for plaintiff.

Stiner & Boslaugh, Hastings, Neb., for defendants.

DELEHANT, District Judge.

The plaintiff moves to remand this case to the District Court of Thayer County, Nebraska in which it was instituted. The assigned grounds of the motion are, (a) the untimeliness of the attempted removal, (b) the failure of the petition for removal to set out the jurisdictional facts supporting removal, and (c) the failure of the defendants to file herein an affidavit showing "service of the petition for removal" and their filing of a copy of such petition with the clerk of the state court. Reasonably appraised and with due regard to its incorporation by reference of copies of the pleadings, process and orders of the state court, the petition for removal must be regarded as adequate in its averments. And, without defining the statutory requirements upon the point, the court considers that the removing defendants' proof of their notice to the plaintiff of the petition for removal and of their filing of a copy of it in the office of the clerk of the state court sufficiently complies with Title 28 U.S.C.A. § 1446(e). Diversity of citizenship and the jurisdictional sum or amount in controversy are unquestioned. The vital question, and the only one argued by the plaintiff, is whether removal was perfected within the time limited in Title 28 U.S.C.A. § 1446(b).

The action is for damages allegedly sustained in consequence of the negligence of Robert Ragan, the driver of a truck owned by J. D. Lusk and, with his consent and direction, operated by the defendant partnership. All defendants being citizens and residents of states, or a state, other than Nebraska, of which the plaintiff is a citizen and resident, service of process was effected under Section 25–530 R.S.Neb. 1943, 1949 Supplement. In accomplishing such service the sheriff of Lancaster County, Nebraska on October 20, 1950 delivered to the Secretary of State two copies of the summons and one copy of the petition for each defendant and paid to the Secretary the sum of $8. An argument by the defendants that only two copies of the summons in all were delivered to the Secretary and that in consequence no valid service has been had is so completely without foundation as to be altogether untenable. Obviously in making the service each partner in the defendant partnership was regarded as a defendant, as the Secretary's receipt assumes to identify four defendants; and the $8 fee paid confirms that view. Then, on October 24, 1950 one of the plaintiff's attorneys by United States mail transmitted to each defendant certified copies of the petition, praecipe, summons, and return with a signed notice of the institution of the suit and of the service of summons therein on the Secretary of State, as statutory attorney for the defendants for the receipt of process; and on the same day he subscribed and swore to an affidavit in proof of his action which he filed on October 25, 1950.

The petition for removal and a bond on removal were filed in the office of the clerk of this court on November 15, 1950, and a further bond was filed on November 16, 1950. November 15, 1950 was the twenty-sixth day after the delivery of copies of process and payment of fees to the Secretary of State, the twenty-second day after the making, and the twenty-first day after the filing, of the affidavit of the attorney touching the mailing of the material mentioned in the affidavit.

By Title 28 U.S.C.A. § 1446(b), it is provided, in part, that: "The petition for removal of a civil action or proceeding shall be filed within twenty days after the receipt by the defendant, through service

or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within twenty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

The flexibility of the quoted language allows its broad application to the varied practices of the several states, in some of which the process precedes, in others of which it follows, the filing of the petition, and some of which require, and others do not require, the formal service of the petition or a copy thereof on the defendant. Since in Nebraska the filing of the petition precedes the service of process in an action, and the petition is not required to be served on the defendant, infra, the critical date from which the twenty-day period must be computed is the date of service of summons on the defendant. And in the present instance that service must be understood in the light of the full requirements of the statute respecting the details of such service.

■ All parties recognize the mandatory character of the statutory requirement touching the time for removal of actions, unless untimeliness is waived. And it is not waived on this occasion, but, rather, is vigorously urged as a ground for the present motion.

The Nebraska statutory provision, Section 25–530 R.S.Neb. 1943, 1949 supplement, respecting service of the character and in the circumstances involved, so far as is material, follows: " * * * Service of such process shall be made by serving a copy thereof upon the Secretary of State, or by filing such copy in his office, together with a fee of two dollars, and such service shall be sufficient service upon the said non-resident; Provided, that notice of such service and a copy of the process shall within ten days after the date of service be sent by the plaintiff to the defendant by registered mail at defendant's last-known address, and it shall be the duty of the plaintiff to file with the clerk of the court in which the action is brought an affidavit that he has complied with such requirement. * * *"

■ It is true that the clause of the quoted language immediately preceding the proviso may be understood as requiring no more for the perfection of service on a non-resident motorist than the delivery of the requisite number of copies of the summons and payment of the statutory fee to the Secretary of State. And the plaintiff argues for that construction. However, his position appears clearly to be inadmissible. Nebraska's court has not determined exactly when service of process under the section is complete. Nor has it delivered any opinion instructive in the matter, beyond two rulings holding that the section is to receive strict construction, Downing v. Schwenck, 138 Neb. 395, 293 N.W. 278; Rose v. Gisi, 139 Neb. 593, 298 N.W. 333.

■ The application of comparable, though not precisely identical enactments by other courts has been explored in aid of a conclusion touching the probable meaning of the Nebraska statute.

In Wuchter v. Pizzutti, 276 U.S. 13, 48 S.Ct. 259, 72 L.Ed. 446, a New Jersey statute providing for service of process on non-resident motorists was considered to be unconstitutional as failing to make provision for reasonably probable notice to the affected defendant, and, therefore, denying due process, which required the delivery of a copy of the process to the Secretary of State without requiring any one to send any copy of the process or other notice to the defendant on whom service was being effected. The transmittal of notice to the defendant is thereby made something more than a mere formality. And statutes upon the subject, enacted or revised after that decision have, like the quoted language from Nebraska's law, been framed with due regard to it. In harmony with that thought several reported opinions have declared that the transmittal of the notice is an essential part of the process and of the service thereof. Webb Packing Co. v. Harmon, 9 W.W.Harr., Del., 22, 196 A. 158; Glenn v. Holub, D.C.Iowa, 36 F. Supp. 941; Boss v. Irvine, D.C.Wash., 28 F.Supp. 983; Helgeson v. Barz, D.C. Minn., 89 F.Supp. 429. However, except where the examined statute requires proof of the delivery of notice to the defendant,

as for example the filing of a return receipt for a registered envelope, Smyrnios v. Weintraub, D.C.Mass., 3 F.Supp. 439, it has been considered that service is complete on the delivery of copy of process, and, where required, the payment of fee, to the statutory agent for process and the transmittal of the prescribed notice or other material to the defendant's last known address, and that the actual receipt of the notice by the defendant is not an indispensable part of the service. Boss v. Irvine, supra; Helgeson v. Barz, supra. At this point two confirmatory considerations touching Nebraska's procedure should be mentioned. The first is that under its statutes, it is not ordinarily required that a copy of a petition be delivered along with a copy of a summons in the service of process. Section 25–508 R.S.Neb. 1943. The delivery of a copy of the summons alone suffices. Secondly, and more directly to the point, Section 25–530 R.S.Neb. 1943, 1949 Supplement, supra, does not require that a copy of the petition be sent by mail to the defendant or that any notice of service on the Secretary of State or copy of the process so served be actually delivered to or received by the defendant. In that behalf it requires only that the notice of service and copy of process be sent by the plaintiff to the defendant by registered mail at defendant's last known address. In Helgeson v. Barz, supra, Judge Donovan announced the remanding, as removed tardily, of cases in which the petitions for removal were filed in the United States District Court on the twenty-first day after the mailing of the formal notices to the defendants, whose actual receipt occurred some three days after their transmittal. That ruling is clearly persuasive in the consideration of Nebraska's comparable statute.

■ Counsel for the defendants contend that their removal should be sustained by resort to Rule 6(e), Federal Rules of Civil Procedure, 28 U.S.C.A. That rule is in the following language: "Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period."

But a careful examination of the rule in its context leads this court to the conclusion that its language ought not to be allowed to modify or qualify the provisions of Title 28 U.S.C.A. § 1446(b) which has itself come into its current form after substantial and very recent congressional study and revision. A further consideration fortifies the suggested conclusion. Rule 6(e) has to do with "actions, proceedings, notices and papers" contemplated by the Federal Rules of Civil Procedure. The prescription, in Title 28 U.S.C.A. § 1446, of the decisive steps for the removal of actions and of the time therefor is effected by affirmative congressional action. And the technique of accomplishing the service of process in suits in Nebraska's state courts is governed by the code of civil procedure of the state. In default of any clear purpose that Rule 6(e) should be accorded the force claimed for it by the defendants, it will be denied that effect.

■ Finally, it is shown by affidavit that the defendants' petition to remove (by which is presumably meant a copy of such petition) was actually filed in the office of the Clerk of the District Court of Thayer County, Nebraska on November 14, 1950, the twentieth day after the plaintiff's transmittal to the defendants of the notice of service and copies of process, among other items. But that filing may not be allowed to save the removal. It is the date of filing of the petition and bond in this court that matters under Title 28 U.S.C.A. § 1446(b). The earlier filing of the petition in the state court where Section 1446(e) requires the filing of a copy of it "Promptly after the filing (here) of such petition and bond" may not purge its later filing in this court of the infirmity of tardiness. It need only be suggested that the filing made in the state court is effective to suspend proceedings there only if, and after, the filing required here by Title 28 U.S.C.A. § 1446.

An order granting the motion to remand and remanding the case is being entered.