221 F.2d 687
 Raymond WILSON, Mildred Wilson, Elmer Schlessinger, and Harry J. Stockman, Appellants,
v.
SHAMROCK AMUSEMENT CORPORATION, a corporation, Appellee, and
John Costello, Trustee in Bankruptcy for Shamrock Amusement Corporation, a corporation, Appellee.
 No. 14710.
 United States Court of Appeals Ninth Circuit.
 April 28, 1955.
 
 Walter H. Medak, San Francisco, Cal., for appellants.
 McDougall & Fairfax, Darryl H. Pearson, Palo Alto, Cal., Gallagher, Ruffo & Rainville, San Jose, Cal., Shapiro & Rothschild, San Francisco, Cal., for appellees.
 Before DENMAN, Chief Judge, and BONE and CHAMBERS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellees in this bankruptcy proceeding move to dismiss appellants' appeal filed 32 days after the service by mail of appellees' notice of the entry of the judgment, on the ground that it was filed more than 30 days after the entry. They contend that this is the time limit of 11 U.S.C.A. § 48, sub. a, providing:
 
 
 2
 "Appeals under this title to the United States courts of appeals shall be taken within thirty days after written notice to the aggrieved party of the entry of the judgment, order or decree complained of, proof of which notice shall be filed within five days after service or, if such notice be not served and filed, then within forty days from such entry."
 
 
 3
 We construe section 48, sub. a as making 40 days the limit of taking the appeal, if appellee serves no notice, making the appeal time less than that period. This time may be shortened to 30 days if appellee serves notice on appellant personally the day of the entry of judgment and files proof thereof within 5 days thereafter. Appellee thereby cuts off 10 days of appellant's time.
 
 
 4
 If, however, on the day of the entry appellee serves notice by mail the time is extended to 33 days. Fed.Rules Civ. Proc. rule 6(e), 28 U.S.C.A. providing:
 
 
 5
 "Additional Time After Service by Mail. Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period."
 
 
 6
 It is thus apparent that if appellee's notice is served personally he can shorten the 40 days from taking of the appeal by from 10 days to 1 day if the service is on the ninth day after entry. If appellee serves by mail the 40 days is reduced by from 7 days to 1 day, dependent on the day of mailing. The notice can have no effect at all if not served within 10 days after judgment.
 
 
 7
 Appellees' contention that either kind of service shortens the time of the taking of an appeal to 30 days from entry makes nugatory the statutory words "appeals shall be taken 30 days after written notice to the aggrieved party of the entry of judgment", whereas we are required to give them effect. McDonald v. Thompson, 305 U.S. 263, 266, 59 S.Ct. 176, 83 L. Ed. 164; Consolidated Flowers Shipments v. Civil Aeronautics Bd., 9 Cir., 205 F.2d 449, 450; Technicolor Motion Picture Corp. v. Westover, 9 Cir., 202 F. 2d 224, 228. Cf. 2 Collier on Bankruptcy, 1940 Ed., p. 904.
 
 
 8
 Here the conceded facts are that the judgment was entered on February 17, 1955 and the appellees served their notice by mail on that day from which time appellants had 33 days to March 22, 1955 to take their appeal and that it was taken on March 21, 1955. The 30 days from entry of judgment of F.R. C.P. 73(a), applicable in all ordinary appeals, does not apply to those under 11 U.S.C.A. § 48, sub. a.
 
 
 9
 As we construe the holding in Siegel v. Margiotta, 2 Cir., 102 F.2d 525, considering 11 U.S.C.A. § 48, sub. a it is not a variance with the above view. There the notice was served 35 days after the entry of judgment and the appeal taken 52 days after the entry. The court in dismissing held that the appellee's service of notice was without effect "unless it were served within 10 days" of the judgment's entry.
 
 
 10
 The motion to dismiss the appeal is denied.