**Stillman SMALL, Plaintiff, Appellant,**

**v.**

**John W. GARDNER, Secretary, Department of Health, Education and Welfare, Defendant, Appellee.**

**No. 7004.**

United States Court of Appeals
First Circuit.

Heard Jan. 2, 1968.

Decided Feb. 16, 1968.

Stillman Small pro se.

Edward G. Hudon, Asst. U. S. Atty., with whom Lloyd P. LaFountain, U. S. Atty., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM:

Plaintiff applied for Social Security benefits on behalf of two minor children. The hearing examiner who heard the matter locally allowed the claim. Shortly thereafter, the Appeals Council of the Social Security Administration in Washington reviewed and by decision dated July 24, 1962, reversed the hearing examiner. On the same day the Council notified plaintiff of its decision.

In this action, brought more than four and a half years later,[1] plaintiff, appearing pro se, seeks review of the Appeals Council's decision. The district court,

---

1. The complaint appears to have been filed on or about March 28, 1967.

after hearing, dismissed the complaint for lack of jurisdiction over the subject matter and for failure to state a claim upon which relief could be granted. We affirm.

■ This in effect being a suit against the United States, plaintiff's right to judicial review is governed by the act that created it. United States v. Sherwood, 312 U.S. 584, 586–587, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). Section 205 (g) of the Social Security Act (42 U.S.C. § 405(g)) provides in pertinent part:

"(g) Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. * * * "

The remedy created by the above section is exclusive 42 U.S.C. § 405(h). Under section 205(g) plaintiff was required to commence his suit within sixty days after July 24, 1962.[2] He admits that the Appeals Council in its notice of decision mailed on said date specifically advised him of this sixty day time limitation but that he disregarded it. Hence this action is long since barred and the district court was without power to entertain it.

■ Plaintiff argues on appeal that under section 205(g), supra, he is entitled to a hearing before the Appeals Council and never having been accorded one, the sixty day time limitation in the statute never began to run against him. We find no merit in this contention. As we read the statute, any hearing to which plaintiff was entitled was accorded him initially in the proceedings before the hearing examiner. Moreover, plaintiff never indicated any interest in a hearing by the Appeals Council at any time prior to its review of his claim and he may not now complain that he did not get one.[3]

Finally, plaintiff seeks damages against the Social Security Administration and two of its officials for "abuses" which he claims were imposed upon him in connection with the various allegations made in his complaint. Suffice it to say that nothing in the complaint furnishes any basis whatever for this type of relief.

Affirmed.

2. No question of extension of the sixty day limitation allowed by the statute is involved in this case.

3. In its notice to plaintiff of December 19, 1961, stating its intention to review the hearing examiner's decision and advising him of his rights, the Appeals Council informed plaintiff that he could appear and discuss his case before the Appeals Council in person or otherwise and file a brief or other statement. It further stated that if he desired to do this he should advise the Council by letter within twenty days from the date of said notice. Plaintiff did not so advise the Council and asserts that a typewritten note appearing at the bottom of the notice relieved him of that obligation. The note said that plaintiff would be "afforded an opportunity to examine * * * evidence [to be obtained by the local district office] and comment thereon" before it was made a part of the record. However, no further word was forthcoming from the Council until July 24, 1962, when it advised plaintiff of its adverse decision. Whatever effect the typewritten note may have had in causing plaintiff to await further word from the government at the December 19 stage of the review process, the fact remains that he did nothing for more than sixty days after receiving the July 24 letter, and, accordingly, permitted the statute of limitations to run against him.