Danny RIVERA, Plaintiff,

v.

FEDERACION de MUSICOS de PUERTO RICO, INC., et al., Defendants.

Armando AVELLANET et al., Plaintiffs,

v.

FEDERACION de MUSICOS de PUERTO RICO, INC., et al., Defendants.

Civ. Nos. 142–73, 258–73.

United States District Court,
D. Puerto Rico.

Jan. 3, 1974.

3. Hans Kraus, Clinical Treatment of Back and Neck Pain, McGraw-Hill Book Co., 1970, p. 33.

Graciany Miranda-Marchand, San Juan, Puerto Rico, for plaintiff.

George L. Weasler, Santurce, Puerto Rico, Weasler, Purcell & Calderon, for defendant.

## OPINION AND ORDER

CANCIO, Chief Judge.

These cases originated in the Superior Court of the Commonwealth of Puerto Rico,[1] subsequently being removed to this Court by *one* of the codefendants pursuant to 28 U.S.C. §§ 1441 and 1446. This codefendant, Federación de Músicos de Puerto Rico, Inc., Local 468 de la Federación de Músicos de Estados Unidos y Canada (hereinafter referred to as Federación), filed a petition for removal in both cases with this court. Later, some but not all of the other codefendants in the two cases moved the Court to join in Federación's petition for removal.[2]

The ground asserted for removal by codefendants is premised on the existence of a federal question arising from the pleadings of the plaintiffs' complaint for an injunction.[3] It is therefore necessary to examine carefully the plaintiffs' allegations to ascertain whether they set forth a claim arising under the Constitution, laws or treaties of the United States.

Plaintiffs allege that they are professional singers, that their performance as such is their only source of income and support for themselves and their families; that codefendant Federación is an organization maintaining a closed shop among the professional musicians of Puerto Rico; that since Federación controls all the musicians of Puerto Rico (they must belong to the organization in order to be able to work), it imposes arbitrary rates for the use of musicians in recordings, rates which may not be negotiated inasmuch as free competition does not exist; that plaintiffs have had to leave Puerto Rico in order to make recordings and tracks (musical accompaniment), due to the high cost of recording and marketing that exist in Puerto Rico, effects of the above-mentioned monopolistic practices; that Federación has strongly opposed the use by plaintiffs in their professional appearances on television and other places of tracks which are their personal property, demanding that they utilize musicians instead of the tracks or that payment be made for so many musicians as have been used in the recording of the tracks thus depriving the plaintiffs of the free use and enjoyment of the free-recorded tapes which are their personal property; that the unlawful, monopolistic and anticonstitutional conduct

---

1. Civil 142–73 was filed in the Caguas Part of the Superior Court. Civil 258–73 was filed in the San Juan Part of the Superior Court.

2. In Civil 142–73, Federación filed its petition for removal to this court on February 17, 1973 after having answered the complaint against it which had been filed on January 31, 1973. Codefendants Luis Vigoreaux; WKAQ Telemundo, Inc.; WKVM Canal 11; Cordero Enterprises; Alfred D. Herger, and Mirta Silva moved to join codefendant Federación's petition for removal on February 28, 1973. Codefendant Tommy Muñiz Productions, Inc. did not file its motion to join Federación's petition for removal until April 6, 1973 requesting until May 3, 1973 to file pleadings (not filed to this date). The Court has not acted on these two motions.

In Civil 258–73, codefendant Federación filed in this court its petition for removal on March 20, 1973, suit having been filed by plaintiffs in the Superior Court, San Juan Part, on March 13, 1973. On April 6, 1973, codefendant Tommy Muñiz Productions, Inc. filed a motion identical to that in Civil 142–73 to join Federación's petition for removal. On April 10, 1973, codefendants Luis Vigoreaux, Cordero Enterprises, and Mirta Silva filed a motion identical with the one they filed in Civil 142–73 to join in codefendant Federación's petition to remove to this court.

3. For decisional purposes we treat the pleadings in Civil 142–73 and Civil 258–73 jointly. Both complaints, except for irrelevant details, are substantially similar in their pleadings and prayers for relief.

of the Federación is causing plaintiffs irreparable harm, to wit, (1) the diminished quality of their shows with a resulting irreparable loss of popularity and future income due to the fact that substitution of the tracks with an accompaniment of lower quality cause their shows to lack luster (2) the rise in costs of performances which causes the producers not to contract their services as much as before, "such conduct transforming itself into a conspiracy the object of which is to deprive the plaintiffs of their right to work, of itself a violation of our Constitution and the Federal Civil Rights Act [4] passed by the Congress of the United States (3) the deprivation of rights such as property rights (deprivation of the tracks), the right to work and others consecrated in Article 16, 18 and 20 of the Constitution of the Commonwealth of Puerto Rico and the Constitution of the United States of America." [5]

It is further alleged that "Federación in order to implement its discriminatory, monopolistic and unconstitutional policy, exerts pressure upon the producers and television stations (codefendants herein) by sending its representatives to each musical show to impede the use of tracks and to see that the musicians employed get exhorbitant rate set by the Federación"; that codefendant producers and television stations have "subscribed to" and reinforced the mentioned practices in that "the television stations through their employees refuse to allow the use of tracks and transmit the same on the air under the pretext that the Federación prohibits their use; and that the producers for their part refuse to allow the plaintiffs and other singers to use the tracks in personal appearances."

The complaint ends by pointing out that no other legal recourse is open to plaintiffs in order to assure their income and requests the issuance of a preliminary and permanent injunction restraining Federación from exerting pressure on the producers and TV sta-

tions so that they will not impede the use of musical tracks by plaintiffs on their programs; and against the producers and TV stations so that they may permit plaintiffs to use their tracks on their programs and not bow to the pressure of the Federación.

Federación sustains its petition for removal on the grounds that a federal question is posed by plaintiffs' complaint because:

1. It sets forth conduct on the part of the labor organization (Federación) which is "arguably" or "potentially" subject to Sections 7 and 8 of the National Labor Relations Act, 29 U.S.C. §§ 157 and 158.

2. It sets forth a violation of the Federal Antitrust Laws, specifically the Sherman and Clayton Acts, in that a conspiracy is present between the labor organization and the producers and TV stations in restraint of commerce.

3. It sets forth a violation of plaintiffs' rights under the Civil Rights Act (sic), 42 U.S.C. § 1981 et seq.

It is well settled that the removal statutes are to be strictly construed in light of the congressional purpose generally to restrict jurisdiction of the Federal District Courts on removal. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951); Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 673, 70 S.Ct. 876, 94 L.Ed. 1194 (1959).

Removal jurisdiction is keyed to the original jurisdiction of the federal district courts. With this in mind, as well as what we have said in the previous paragraph, we turn to plaintiffs' complaint.

We are persuaded that under the test announced in Gully v. First National Bank, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936), that "to bring a case within the statute, a right or im-

---

4. No specification is made as to title and section or act in particular.

5. Ibidem. No constitutional provision is cited.

munity created by the Constitution or laws of the United States must be an element, and an *essential* one, of the plaintiffs' cause of action" (emphasis added), the present complaint does not set forth a federal claim cognizable by this Court on removal. As stated some time ago by Mr. Justice Stone speaking for a majority of the Supreme Court, "the federal nature of the right to be established is decisive—not the source of the authority to establish it." Puerto Rico v. Russell, 288 U.S. 476, 53 S.Ct. 447, 77 L.Ed. 903 (1933). In the case at bar plaintiffs request injunctive relief for an alleged deprivation of rights which have their source in the Constitution and local laws of the Commonwealth of Puerto Rico rather than in the Constitution and laws of the United States. It is to be noticed that in their complaint no specific provision of either the Federal Constitution or any other federal law is invoked. On the other hand, specific provisions of the local Constitution are referred to as guaranteeing plaintiffs' right to property and right to work unhampered by undue influence, pressure and coercion on the part of codefendants labor union, producers and TV stations. Whatever federal question in the sense of a claim arising under the Constitution or laws of the United States there might be, it has been injected by Federación itself in the action by way of an anticipated defense and it is well established that "there can be no removal on the basis of a federal question presented for the first time in defendant's petition for removal or in his answer." Tennessee v. Union & Planters' Bank, 152 U.S.

454, 14 S.Ct. 654, 38 L.Ed. 511 (1894); Brough v. United Steelworkers of America, AFL–CIO, 437 F.2d 748 (1 Cir., 1971); Florida State Turnpike Authority v. Van Kirk, 146 F.Supp. 364 (S.D. Fla.1956); Carroll Const. Co. v. Reneau, 279 F.Supp. 715 (N.D.Fla.1968); 1A Moore Fed. Practice, Par. 0.161 (2d Ed., 1965).

In their briefs in support of removal, codefendant Federación seems to imply that plaintiffs' claims are governed exclusively by federal law, and familiar doctrines of preemption and exclusive federal jurisdiction are invoked in an effort to show that plaintiffs have no valid state cause of action. But it has been held in a removal context that in determining whether a claim arises under the Constitution and laws of the United States, it is "irrelevant that plaintiff may, in fact *have no valid state cause of action, but at best only a federal one; he is free to select the suit he will bring*." (Emphasis added.) Brough v. United Steelworkers of America, AFL–CIO, *supra,* and authorities cited therein. We think that the principles we have mentioned so far are more than sufficient to dispose of codefendant's assertions as to federal question jurisdiction, so as not to warrant further and specific discussion of the jurisdictional facts which Federacion, in its petition for removal and accompanying briefs, insists confers subject matter jurisdiction upon this Court to decide the present action on removal, namely, conduct arguably subject to the National Labor Relations Act;[6] conduct consti-

---

6. Federación argues through its counsel that "where the conduct alleged by plaintiffs to be unlawful, is 'arguably' or 'potentially' subject to the National Labor Relations Act, the federal preemption doctrine as enunciated by the Supreme Court in San Diago Building Trades Council v. Garman, 76 S.Ct. [782], 351 U.S. 923, 100 L.Ed. 1453 (sic) [correct name and citation are: San Diego Building Trades Council v. Garmon, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959)] *removes* the present case from the Commonwealth Courts." (Emphasis added). This is a classic example of *non sequitur*. Even as-

suming in *arguendo*, that Federación's initial premise is true in that its conduct here might be potentially subject to the National Labor Relations Act, we still fail to see how the underlying federal preemption doctrine can be used to vest a Federal District Court with removal jurisdiction based on a federal question when exclusive jurisdiction to administer the preempting federal law has been vested by Congress on an administrative tribunal as is the National Labor Relations Board. Such a result flies in the face of the *Garmon* case itself where the Supreme Court was careful to point out that

tuting a violation of the Federal Antitrust Laws, and conduct subject to redress under the Civil Rights Act.

In view of the foregoing, these cases are remanded to the Commonwealth Superior Court, San Juan and Caguas Parts, where they should have remained in the first place, without imposition of costs and for proceedings there to continue.[7]

It is so ordered.

"courts are *not* primary tribunals to adjudicate such issues. It is essential to the administration of the Act that *these determinations be left in the first instance to the National Labor Relations Board*." (Emphasis added), 359 U.S. at 244, 79 S.Ct. at 779. Apparently what Federación wants this Court to decide is that plaintiffs' complaint in the Commonwealth courts gives rise to a federal question because the latter courts have no jurisdiction to entertain this action given the federal preemption and exclusive jurisdiction principles briefly outlined in the previous paragraph. But even so, we lack jurisdiction, since removal jurisdiction is derivative in nature, and if, as Federación contends, the Commonwealth courts have no jurisdiction because of federal preemption as enunciated in the *Garmon* case, then *a fortiori*, this Court has acquired none on removal. Cf. Lambert Run Coal Co. v. Baltimore & O. R. Co., 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671 (1922). See: 1A Moore Federal Practice, Par. 0.160 at p. 476; Par. 0.167, 0.169 [1] at pp. 1433–1434 (F.2d. 1965).

7. The question involved in this case could have been decided some time ago, but the Court, after having met the parties, was optimistic as to a possible settlement and did not want its decision to become an intruder in the settlement negotiations.