Joanne M. TAVERNARIS a/k/a Joanne M. Bradshaw, Ann Rubino, Kay Rukavina, Rita Veney and Daisy Gilchrist, Plaintiffs,

v.

BEAVER AREA SCHOOL DISTRICT, an unincorporated association, Defendant.

Civ. A. No. 77–1163.

United States District Court,
W. D. Pennsylvania.

July 12, 1978.

J. Philip Colavincenzo, Reed, Luce, Good, Tosh & Kunselman, Beaver, Pa., for plaintiffs.

John J. Petrush, Beaver Falls, Pa., for defendant.

TEITELBAUM, District Judge.

## MEMORANDUM OPINION AND ORDER

Plaintiffs filed the instant lawsuit alleging sex-based employment discrimination. Count One of the complaint is based upon Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* Count Two is predicated upon the Equal Pay Act, 29 U.S.C. § 206(d). Defendant has now filed a motion for summary judgment as to both Counts of the complaint.

## COUNT I

Defendant contends that it is entitled to judgment on Count One because plaintiffs' action is barred by Section 706(f)(1) of Title VII. Section 706(f)(1) provides:

*"If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section or the Attorney General has not filed a civil action in a case involving a government, governmental agency, or political subdivision, or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, shall so notify the person aggrieved <u>and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge</u> . . . ."* (emphasis added)

It is undisputed that the 90 day period commences upon receipt by the aggrieved party of the "right to sue" letter. It is also undisputed that the right to sue letter was received on July 5, 1977 and the complaint filed on October 5, 1977—92 days after notice of the right to sue. Apparently, the suit *sub judice* was not timely filed. Plaintiffs, however, summon to the Court's attention Federal Rule of Civil Procedure 6(e).

Rule 6(e) of the Federal Rules of Civil Procedure provides:

*"Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or [an]other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period."* (emphasis added)

Plaintiffs, therefore, advance the novel proposition that since suits under Title VII must be commenced within a prescribed period from receipt of the right to sue letter, Rule 6(e) expands the 90 day period to 93 days and thereby validates the instant

action. The relationship of Rule 6(e) to a Title VII action is a question of first impression insofar as this Court is aware.

In discussing Rule 6, Professor Moore has written that it is a procedural rule that governs the computation of time for doing some act in the course of the proceeding, but cannot be said to expressly apply to a statute of limitations. 2, Moore's Federal Practice ¶ 6.06[2]. While not expressly referring to subsection e, the obvious corollary would be that no part of a procedural rule should be permitted to affect substantive consequences. The underlying premise of such a position is that if Congress had wanted to allow an aggrieved party 93 days to file suit, it would have explicitly so stated.

■ On the other hand, there are a number of cases where Rule 6 has been invoked to preserve actions which might otherwise have been held untimely brought.[1] The result in some instances is achieved by applying Rule 6 by analogy. Whether or not Rule 6 should be analogously applied depends, in part, upon whether or not there is anything in the statute of limitations or decisions construing it which warrants its application. 2, Moore's Federal Practice ¶ 6.02[2].

■ The pervading atmosphere sought to be created by Congress relative to Title VII litigation is one of liberal construction. The United States Court of Appeals for the Third Circuit has recently stated *"that the jurisdictional requirements for bringing suit under Title VII should be liberally construed."* GLUS v. G. C. Murphy Company, 562 F.2d 880, 887–888 (3d Cir. 1977). Considering the expressed desire of Congress and the judiciary that Title VII claimants be accorded ready access to litigate their charges, the instant action will be considered timely filed in view of the application of Federal Rule of Civil Procedure 6(e).[2]

■ Defendant next contends that it cannot be considered an employer covered by Title VII for any conduct prior to March 24, 1972 inasmuch as Section 701 of the Civil Rights Act of 1964 excluded school districts from the definition of the term "employer" prior to such date. Defendant's position is well established and this Court so holds. *Hazelwood School District v. United States,* 433 U.S. 299, 97 S.Ct. 2736, 53 L.Ed.2d 768 (1977); *Mitchell v. Board of Trustees of Pickens County School District "A,"* 415 F.Supp. 513 (D.S.C.1976); *Weldon v. Board of Education of City of Detroit,* 403 F.Supp. 436 (E.D.Mich.1975); *Hutchinson v. Lake Oswego School District,* 374 F.Supp. 1056 (D.Ore.1974). Accordingly, any allegations of discrimination predicated upon conduct of defendant occurring prior to March 24, 1972 are hereby dismissed.

COUNT 2

■ Defendant additionally contends that plaintiffs' Equal Pay Act claim is barred by the applicable statute of limitations, 29 U.S.C. § 255(a). Plaintiffs concede that Count Two is so barred as to all plaintiffs except plaintiff Daisy Gilchrist. As to Gilchrist, it is contended that her cause of action is not time barred because the three year statute of limitations relative to willful violations of the Equal Pay Act is applicable. As such, plaintiff Gilchrist's recovery would be limited to the period from October 5, 1974, three years prior to filing the instant complaint, until January 1, 1975, the date of her retirement.

Whether or not any conduct of defendant *vis a vis* plaintiff Gilchrist was willful is, at this point, subject to conflicting views expressed in conflicting affidavits. As such, genuine issues of material fact are in dispute relative to plaintiff Gilchrist's claim of a willful violation of the Equal Pay Act for the period of October 5, 1974 through January 1, 1975. Accordingly, Count Two will be dismissed as to all plaintiffs except Dai-

---

1. See cases cited in 2, Moore's Federal Practice ¶ 6.06[2] (Footnote 3).

2. We again emphasize that our holding today should be narrowly construed. Rule 6(e) is analogously applied only because of the broad remedial intent of Title VII.

sy Gilchrist; and as to her, only as much of her claim as occurred within the three year limitation period for willful violations may be pursued.