**David A. ROSS, Sr., Plaintiff,**

v.

**BARRETT CENTRIFUGALS, Defendant.**

**Civ. No. 83–0426 P.**

United States District Court,
D. Maine.

March 1, 1984.

---

Kenneth W. Hovermale, Jr., Peter J. Landis, Portland, Me., for plaintiff.

Harrison L. Richardson, Thomas E. Getchell, Portland, Me., for defendant.

MEMORANDUM OF DECISION AND ORDER ACCEPTING MAGISTRATE'S REPORT AND RECOMMENDED DECISION ON PLAINTIFF'S MOTION TO REMAND TO THE STATE OF MAINE SUPERIOR COURT IN AND FOR CUMBERLAND COUNTY

GENE CARTER, District Judge.

This case is before the Court on Objection to a Report of Hearing on Motions and Recommended Decision of the United States Magistrate, filed on January 30, 1984. The Defendant, Barrett Centrifugals, filed on February 6, 1984, a written objection "to that portion of the United States Magistrate's Order dated January 30, 1984, which grants the Plaintiff's Motion to Remand the action to Cumberland County Superior Court." The Magistrate, in granting the Motion to Remand, wrote:

> The plaintiff's Motion to Remand the action to the Cumberland County Superior Court is *GRANTED*. *See Youngson v. Lusk*, 96 F.Supp. 285 (D.Neb.1951), re-

ferred to approvingly in *Perrin v. Walker*, 385 F.Supp. 945, 948 (E.D.Ill. 1974).

The action was originally commenced in the State of Maine Superior Court in and for Cumberland County. The Defendant, Barrett Centrifugals, is a foreign corporation and service of process was effected upon it by mail on October 29, 1983. Thereafter, allegedly acting pursuant to 28 U.S.C. § 1446, the removal statute, the Defendant removed the action to this Court by filing a Verified Petition for Removal on December 1, 1983. Section 1446 requires that removal be accomplished within thirty days after the receipt by the Defendant, through service or otherwise, of a copy of the initial pleading. 28 U.S.C. § 1446(b). Here, the Petition for Removal of this action was actually filed thirty-three days after receipt by the Defendant of the Complaint by a mailed service. This circumstance precipitated Plaintiff's Motion to Remand the case for failure to accomplish the removal in accordance with the statute.

The Defendant contended before the Magistrate, and contends before this Court, that the removal was accomplished within the statutory period because of the applicability of Fed.R.Civ.P. 6(e). The language of that Rule reads as follows:

> **Additional Time After Service By Mail.** Whenever a party has the right or is required to do some act or take some proceedings within the prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period.

Fed.R.Civ.P. 6(e). The case relied upon by the Magistrate, *Youngson v. Lusk*, 96 F.Supp. 285 (D.Neb.1951), specifically held that the language of Fed.R.Civ.P. 6(e) "ought not to be allowed to modify or qualify the provisions of Title 28 U.S.C.A. § 1446(b) ...," *id.* at 289.

█ The Defendant has relied in its written and oral argument before this Court on four cases as precedent for the proposition that Fed.R.Civ.P. 6(e) is applicable to extend by a three-day mailing period a period

prescribed by statute for the doing of a specific act (here, the thirty-day period prescribed by 28 U.S.C. § 1446(b) for filing a petition for removal of an action to the district court). Those cases are: *Old Orchard Beach v. Old Orchard Beach Police Patrolmen's Union*, 461 A.2d 1054 (Me.1983); *Tavernaris v. Beaver Area School District*, 454 F.Supp. 355 (W.D.Pa.1978); *Wilson v. Shamrock Amusement Corp.*, 221 F.2d 687 (9th Cir.1955); *United States v. Onan*, 190 F.2d 1 (8th Cir.1951). On the basis of these allegedly persuasive precedents, Defendant contends that this Court should conclude that *Youngson v. Lusk*, 96 F.Supp. 285 (D.Neb.1951), is incorrectly decided.

A correct reading of the cited cases discloses that they do not stand for the general proposition for which they are cited by the Defendant. In two of the cases, *Onan* and *Wilson*, the Court did not apply Rule 6(e) to enlarge the statutorily created period in question. In each case the statutory period was defined by the statute to commence upon completion *of service*. In *Onan* the period was prescribed by statute to be sixty days after service. *Onan*, 190 F.2d at 7. In *Wilson* the period (prescribed in 11 U.S.C.A. § 48(a)) was also keyed to run, in the circumstances of that case, from the making of service of a written notice of entry of judgment. Service is governed by the Rules of Civil Procedure, *see* Fed.R. Civ.P. 4, and the period of service and the determination as to when it is accomplished is properly subject to the enlarging effect of Rule 6(e) where service is made by mail. Thus, in each of these two cases, the court applied Rule 6(e) to expand *the service period* prescribed by the Civil Rules, not to expand *the statutory period* which began to run from the making of service.

In *Tavernaris* the court did not apply the content of Rule 6(e) *as an operative civil rule* to enlarge the statutory period of ninety days prescribed by § 706(f)(1) of Title VII. The statute in question there prescribed that an action asserting alleged sex-based employment discrimination claims could be commenced ninety days after the giving of a notice at the pre-litiga-tion, administrative, stage of the proceeding. The court construed the statutory language to determine if Congress intended an additional allowance of time where the notice was given by mail. The court noted that Congress intended Title VII to receive liberal construction in favor of the filing of claims of discrimination. *Tavernaris*, 454 F.Supp. at 357. It construed the statutory language using the additional period for service by mail prescribed in Rule 6(e) as an *analogue*. It did not *apply* the Civil Rule to extend the statutory period. *See Tavernaris, id.* at 357, n. 2 ("Rule 6(e) is *analogously* applied only because of the broad remedial intent of Title VII." (Emphasis added)). Such a precedent has no application to this case where the statute prescribing the statutory period is, by abundant authority, to be given strict construction limiting the removal jurisdiction of the federal courts. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); *State v. Kerr-McGee Chemical Corp.*, 677 F.2d 571 (7th Cir.1982); *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir.1979); *Wilson v. U.S. Dept. of Agriculture*, 584 F.2d 137 (6th Cir.1978); *Rivera v. Federacion de Musicos de Puerto Rico*, 369 F.Supp. 1169 (D.P.R.1974); *Nowell v. Nowell*, 272 F.Supp. 298 (D.Conn.1967).

■ Finally, Defendant's reliance upon the *Old Orchard Beach* case is also misplaced. There, the issue was whether the complaint, in an action under M.R.Civ.P. 80B challenging administrative agency action, was timely filed under 26 M.R.S.A. § 968(5)(F) (Supp.1982–83). The statute provided for the commencement of such action "by filing a complaint in accordance with the Rules of Civil Procedure, Rule 80B, provided the complaint shall be filed within 15 days of the effective date of the decision." *Old Orchard Beach*, 461 A.2d at 1055. The Law Court held that this reference in the language of the statute "incorporates the whole Rules of Civil Procedure, so far as applicable, because Rule 80B itself in turn states that proceedings for review of agency action by the Superior

Court shall 'be governed by these Rules of Civil Procedure.'" *Id.* at 1056. On the basis of such a statutory incorporation by reference of the applicable Civil Rules, the Law Court found it appropriate to apply Rule 6(e) in determining the timeliness of commencement of the action. No such statutory incorporation of the Federal Rules of Civil Procedure appears in 28 U.S.C. § 1446(b).

This Court is persuaded that *Youngson,* 96 F.Supp. 285, is correctly decided. The jurisdiction of this Court over the present cause of action is created by § 1446, which is to be strictly construed, *see supra,* at 1512. Rule 6(e) "has no application where, as in the present case, an extension of a time limit in effect would extend the jurisdiction of the court. Rule 82, Fed.R.Civ.P., makes it clear that the rules of procedure cannot be construed to reach such a result." *Whipp v. Weinberger,* 505 F.2d 800 (6th Cir.1974); *see also Small v. Gardner,* 390 F.2d 186 (1st Cir.1968) (strict compliance is required of statute creating a right of judicial review).

The Court having reviewed and considered the Magistrate's Report and Recommended Decision, together with the entire record in this case, including the memoranda filed by counsel before the Magistrate and those submitted to this Court in support of and in opposition to the Objection of the Defendant to the acceptance of the Magistrate's Report and Recommended Decision, and the oral arguments of counsel on February 29, 1984, and having made a *de novo* determination of the matter challenged by the Defendant's objection, this Court concurs, on the authority of *Youngson v. Lusk, id.,* with the recommended decision of the United States Magistrate on the point to which objection is taken.

It appearing that no further proceeding is necessary, it is

ORDERED AS FOLLOWS:

(1) That the Report and Recommended Decision of the Magistrate be, and is hereby, ACCEPTED;

(2) That the Plaintiff's Motion to Remand this action to the State of Maine Superior Court in and for Cumberland County be, and is hereby, GRANTED;

(3) That the Clerk of Court shall proceed forthwith to accomplish the remand of this matter to the State of Maine Superior Court in and for Cumberland County.

SO ORDERED.