Louvert WELDON, Plaintiff,

v.

BOARD OF EDUCATION OF the SCHOOL DISTRICT OF the CITY OF DETROIT and Detroit Federation of Teachers, Defendants.

Civ. A. No. 5–71745.

United States District Court,
E. D. Michigan, S. D.

Nov. 17, 1975.

Clarice Jobes, Jobes & LeBost, Detroit, Mich., for plaintiff.

Ligens D. Moore, Detroit, Mich., for Bd. of Ed.

Theodore Sachs, Marston, Sachs, O'Connell, Nunn & Freid, Detroit, Mich., for Det. Fed. of Teachers.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

The complaint in this case alleges causes of action against the Board of Education under Title VII, 42 U.S.C. § 1981, and the Fourteenth Amendment, and it charges the Detroit Federation of Teachers (DFT) with a breach of the duty of fair representation. It appears from plaintiff's pleadings and statements made at oral argument that the complaint was also intended to state a claim under Title VII against the DFT, and it will be treated herein as having stated such a claim. Both defendants move for dismissal on jurisdictional grounds and raise the statute of limitations as an affirmative defense. Plaintiff subsequently "waived" her claim under the National Labor Relations Act, so the duty of fair representation charge is dismissed.

Plaintiff, a black woman, charges that the Board of Education, as her employer, discharged her for racial reasons. She alleges that she was given an unsatisfactory job rating during her first semester of employment as a probationary teacher, was consequently reassigned on April 19, 1971 as a substitute teacher, and was terminated on June 21, 1971. She alleges, further, that a white male teacher who also received an unsatisfactory rating was given an opportunity to prove himself in another position, although he had less teaching experience than plaintiff.

Against the DFT, plaintiff states by affidavit that in March, 1971, she gave a grievance to her union building representative in which she expressed concerns·

about a supervisor's insinuation that she could not spell and about her record as a probationary teacher. She also met with a representative of her local union some time after her termination, but was allegedly told that it was too late for the union to attempt to protect her.

On January 17, 1972, plaintiff filed a complaint with the Michigan Civil Rights Commission, and on June 27, 1972, she filed a complaint against the board with the Equal Employment Opportunities Commission. Three years later, on June 13, 1975, she received a right-to-sue letter from the EEOC. This letter was not made a part of the record before the court, and it is not apparent from the pleadings that the DFT was named in the EEOC complaint against the board. By affidavit, the DFT relates that it received no notice of the EEOC complaint until June, 1974. This complaint was filed on September 10, 1975. Because the court finds a more basic flaw in the Title VII charges, it will not consider the problems of timeliness and notice raised by these facts.

■ Jurisdiction under Title VII exists only against "persons" enumerated in the Act. Under the original enactment, a school district was not a "person," but a 1972 amendment broadened the definition of "persons" to include governmental agencies. 42 U.S.C. § 2000e(a). The unfair employment practice alleged in this complaint occurred on June 21, 1971. Therefore, jurisdiction over the school board exists only if the 1972 amendment expanding the definition of "person" was intended to have retroactive effect. It is the opinion of this court that section 2000e(a) was intended to have prospective effect only.

■ As a general rule, "a law is presumed, in the absence of clear expression to the contrary, to operate prospectively." *Hassett v. Welch,* 303 U.S. 303, 314, 58 S.Ct. 559, 565, 82 L.Ed. 858 (1938). In *Place v. Weinberger,* 497 F. 2d 412 (6th Cir. 1974), the Sixth Circuit construed section 2000e–16 of Title VII to be of prospective effect only. Section 2000e(a) was enacted along with section 2000e–16 and several other amendments in one enactment. Pub. L. 92–261 (Mar. 24, 1972). The drafters were as silent in section 2000e(a) as in section 2000e–16 about whether the provisions were to have retroactive effect. The usual rules of statutory construction compel the conclusion that section 2000e(a) was intended to have prospective effect only. The school board therefore was not a covered employer in 1971, when this cause of action arose. *See Hutchison v. Lake Oswego School District,* 374 F. Supp. 1056 (D.Ore.1974).

■ ▪ Similarly, the DFT was not in 1971 a "labor organization" covered by Title VII. A "labor organization" under Title VII is any organization "in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours, or other terms or conditions of employment . . . ." 42 U. S.C. § 2000e(d). Since "[t]he term 'employee' means an individual employed by an employer," 42 U.S.C. § 2000e(f), and a public board of education was not an "employer" in 1971, it is clear that the DFT was not a "labor organization" in 1971. This court therefore lacks subject matter jurisdiction over Title VII claims stated against the school board and the DFT.

■■ Plaintiff's claims against the school board under section 1981 and the Fourteenth Amendment are subject to the board's affirmative defense of the statute of limitations. The statute governing civil rights claims is Michigan's 3-year limitation on personal injury claims. *O'Sullivan v. Felix,* 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980 (1914); *Marlowe v. Fisher Body,* 489 F.2d 1057 (6th Cir. 1973); *Madison v. Wood,* 410 F.2d 564 (6th Cir. 1969). Futhermore, the statute is not tolled by the filing of a Title VII complaint with the EEOC,

since Title VII and section 1981 claims are "separate, distinct, and independent." *Johnson v. REA*, 421 U.S. 454, 461, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975).

For the foregoing reasons, the case must be dismissed.

So ordered.