**Joan WILLIAMS, Plaintiff,**

v.

**MASSACHUSETTS GENERAL HOSPITAL et al., Defendants.**

**Civ. A. No. 77-1824-C.**

United States District Court, D. Massachusetts.

April 20, 1978.

---

**3.** In the Leon case Plaintiff actually belonged to two such advertising associations.

Caroline Playter, Doyle, Playter, Novick & Reitmayer, Dorchester, Mass., Karen S. Slaney, Barmack, Heller, Kaufman & Slaney, Cambridge, Mass., for plaintiff.

Sibley P. Reppert, Penny Sheerer, Herrick & Smith, Boston, Mass., for defendants.

## MEMORANDUM AND ORDER

CAFFREY, Chief Judge.

This is a civil action for money damages brought by Joan Williams, a black female former employee of defendant Massachusetts General Hospital. She alleges that defendants' racial and sexual discrimination have violated her rights under the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C.A. §§ 2000e *et seq.* (Title VII); 42 U.S.C.A. § 1981, and under the Thirteenth Amendment. Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. § 1343. The defendants are the Massachusetts General Hospital (MGH); Richard Pfister, M.D., MGH director of radiology; Ruth Duvos, executive assistant to the chief of radiology at the hospital; Christopher Pickwick, a supervisor in the radiology department; and Ruth MacRobert, MGH director of personnel and employee relations.

The case is presently before the Court on defendants' motion to dismiss brought under Rules 12(b)(1), 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. Specifically, defendants contend that the Thirteenth Amendment and § 1981 claims are barred by the statute of limitations, and that her Title VII claims against them are void for lack of jurisdiction because she failed to name defendants Pfister, Duvos and MacRobert in her pleadings with the Equal Employment Opportunity Commission (EEOC) and the Massachusetts Commission Against Discrimination (MCAD).

Plaintiff began working in the radiology department of the Massachusetts General Hospital on or about September of 1963. Except for one maternity leave of absence in 1964, she worked continuously until January 28, 1972 when she took a second maternity leave. When she attempted to return from the second leave of absence, she was discharged, on or about August 25, 1972.

Turning first to the statute of limitations claim, it is settled law that since § 1981

neither contains nor specifies a federal statute of limitations, courts must look to state law for the applicable limitation period. *Gonzalez v. Santiago,* 550 F.2d 687 (1st Cir. 1977); *Still v. Nichols,* 412 F.2d 778 (1st Cir. 1969). *Cf. Runyon v. McCrary,* 427 U.S. 160, 180, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1977); *Johnson v. Railway Express Agency,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). It has been stated that the state statute to be applied is the one which best effectuates the federal policy involved and seems more appropriate to the federal cause of action alleged. *Curran v. Portland Superintending School Committee,* 435 F.Supp. 1063, 1080 (D.Me.1977).

Plaintiff contends that the appropriate statute of limitations is the six-year Massachusetts statute of limitations for contract actions, M.G.L.A. ch. 260, § 2, while defendant argues that the two-year tort statute of limitations then in effect, M.G.L.A. ch. 260, § 2A, controls the § 1981 claim. Although neither of these statutes is precisely applicable, in my view the contract analogy is more appropriate to this § 1981 claim.

In making a contract rather than a tort analogy with plaintiff's § 1981 claim, I am mindful of the basic doctrinal distinction between these two types of actions. As Dean Prosser states:

> The fundamental difference between tort and contract lies in the nature of the interests protected. Tort actions are created to protect the interest in freedom from various kinds of harm. The duties of conduct which give rise to them are imposed by the law and are based primarily upon social policy and not necessarily upon the will or intention of the parties. . . . Contract actions are created to protect the interest in having promises performed. Contract obligations are imposed because of conduct of the parties manifesting consent, and are owed only to specific individuals named in the contract.

W. Prosser, *Law of Torts* § 92 at 613 (4th ed. 1971). Plaintiff Williams argues that defendants' discriminatory actions terminated an almost nine-year, contractually-oriented employment relationship between the parties. She brings this suit under a federal statute which by its express language secures the right "to make and enforce contracts" free of racial discrimination.

The majority of federal courts that have addressed the issue of which statute of limitations controls § 1981 actions have held that state limitation statutes governing contract claims control in cases alleging employment discrimination. *E.g., Allen v. Amalgamated Transit Union Local 788,* 554 F.2d 876 (8th Cir. 1977); *Boudreaux v. Baton Rouge Marine Contracting Co.,* 437 F.2d 1011, 1017 n.16 (5th Cir. 1971); *Wright v. St. John's Hospital,* 414 F.Supp. 1202 (N.D. Okla.1976); *Pittman v. Anaconda Wire & Cable Co.,* 408 F.Supp. 286 (E.D.N.C.1976); *Holly v. Alliance Rubber Co.,* 380 F.Supp. 1128 (N.D.Ohio 1974); *Page v. Curtiss-Wright Corp.,* 332 F.Supp. 1061 (D.N.J. 1971). *But see Patterson v. American Tobacco Co.,* 535 F.2d 257, 275 (4th Cir. 1976); *Weldon v. Board of Education,* 403 F.Supp. 436 (E.D.Mich.1975). No case from the Court of Appeals from this Circuit which has addressed the precise issue has been found and only one District Court within the Circuit has ruled on the question. In that case, *Sims v. Order of United Commercial Travelers of America,* 343 F.Supp. 112 (D.Mass.1972), the Court applied the six-year Massachusetts limitations statute for contract actions.

Accordingly, since the case at bar involves a claim essentially founded upon breach of a long-standing employment contract, I rule that the Massachusetts six-year contracts statute of limitations governs. Defendants' motion to dismiss for lack of jurisdiction over the § 1981 claim is therefore denied.

Three of the individual defendants—Pfister, Duvos and MacRobert—seek to dismiss the Title VII allegations on the ground they were not named in the October 4, 1972 charge which Williams filed with the EEOC. That charge named only the MGH as a party-respondent. About two months

58

prior to filing the EEOC charge, plaintiff filed a complaint with the MCAD which named as respondents MGH and two individuals not involved in this case.

 The statute provides that a civil action may be brought in an United States District Court only against employers and employees "named in the [EEOC] charge." 42 U.S.C.A. § 2000e–5(f)(1). As a general rule, the failure to name a party in the EEOC complaint precludes a later civil action against that individual in this Court. *Commission v. MacMillan Bloedel Containers, Inc.,* 503 F.2d 1086, 1092 (6th Cir. 1974); *Mickel v. South Carolina State Employment Service,* 377 F.2d 239 (4th Cir.), *cert. denied,* 389 U.S. 877, 88 S.Ct. 177, 19 L.Ed.2d 166 (1967). Two purposes are served by this general rule—first, the party charged is given the earliest possible notice of the asserted violation, and, second, the identity of all parties who have allegedly discriminated is brought to the attention of the EEOC so that it may attempt conciliation. *Bowe v. Colgate-Palmolive Company,* 416 F.2d 711, 719 (7th Cir. 1969).

Where it can be shown that these purposes have been realized even though a potential party-defendant was not named in a previously-filed EEOC complaint, the omission of that party's name in the EEOC complaint has been held not to mandate a dismissal of the subsequent civil action. *See Stith v. Manor Baking Co.,* 418 F.Supp. 150 (W.D.Mo.1976); *Hanshaw v. Delaware Technical & Commercial College,* 405 F.Supp. 292 (D.Del.1975); *Van Hoomissen v. Xerox Corp.,* 368 F.Supp. 829 (N.D.Cal. 1973). *See also Curran v. Portland Superintending School Committee, supra.* In the instant case plaintiff has filed an affidavit, which stands uncontradicted, in opposition to the motion to dismiss. That affidavit establishes that: "[d]efendants Pfister, MacRobert and Duvos, although not named in the EEOC charge, participated in the investigations conducted by the EEOC and MCAD, and submitted lengthy affidavits during the administrative proceedings."

Thus, on the present state of the record of this case, each of the individual defendants stands as a person having actual knowledge of the charges filed with the EEOC. Accordingly, the motions to dismiss are denied.