**Michael NEWSON, Plaintiff,**

v.

**AMERICAN GREETINGS CORPORATION, Defendant.**

**Civ. A. No. C80–2136.**

United States District Court, N. D. Ohio, E. D.

April 17, 1982.

William G. Droe, Cleveland, Ohio, for plaintiff.

Eugene B. Schwartz, Cleveland, Ohio, for defendant.

## MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

This case involves alleged racial discrimination in employment. Jurisdiction of the Court is predicated on Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and on the Civil Rights Act of 1870, 42 U.S.C. § 1981.

Before this Court is defendant American Greetings Corporation's Motion to Dismiss plaintiff Michael Newson's Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The defendant also moves this Court to vacate the court appointment of plaintiff's counsel. For the reasons stated below, the defendant's Motion to Dismiss is granted with respect to the Title VII claims, and is denied with respect to the § 1981 claims. The Motion to Vacate the Appointment of Counsel pursuant to 42 U.S.C. § 2000e–5(f)(1) is granted.

I

The Complaint alleges that plaintiff Newson, a black male, was hired by defendant American Greetings in 1974 as a machine operator. Newson claims that throughout his employment, American Greetings engaged in conduct which was racially discriminative (sic) towards him, in that (1) his requests to be assigned to new and higher paying jobs were denied in favor of newly hired white employees, even though there had been no complaints about the quality of his work; (2) he was promoted to the position of Computer Operator II only after he had filed a complaint with the Equal Employment Opportunity Commission; (3) even after American Greetings gave Newson training in the operation of computers, the Company made the white employee who had less seniority (and who would have gotten the promotion but for Newson's EEOC complaint) Newson's supervisor; (4) the Company condoned this employee's repeated harassment of Newson; and (5) Newson was wrongfully forced to quit his job as a Computer Operator II in February of 1979.

Newson took his claim to the Equal Employment Opportunity Commission, which issued a "Right-to-Sue-Letter" on January 28, 1980, informing him that he had ninety days following receipt of the letter to file suit in Federal District Court should he wish to pursue the matter further.

On April 25, 1980, (some eighty-eight days later) Newson applied to the United States District Court in the Northern District of Ohio, Eastern Division, for appointment of counsel pursuant to Title 42 U.S.C. § 2000e–5(f)(1). On May 20, 1980 Judge William Thomas ordered the appointment of counsel for Newson, indicating that a Report, or a Complaint (if appropriate) should be filed within thirty days from the entry of the Order. However, the Complaint herein was not filed until November 18, 1980 (some 180 days after the entry of the Order) and service was not made on the defendant until June 23, 1981 (more than a year after the filing of the Order).

II

A.

■ American Greetings' motion to dismiss the Title VII claims of the complaint is well taken. Once a "Right-to-Sue-Letter" has been received, the ninety day statute of limitations is mandatory. The time limit is jurisdictional and this Court has no authority to extend it. *Goodman v. City Products Corp.*, 425 F.2d 702 (6th Cir. 1976). Although that period may be "tolled" for a *reasonable* time (perhaps 30 days) by the timely filing of a motion for appointment of counsel, *Harris v. Walgreen's Distribution Center*, 456 F.2d 588 (6th Cir. 1972), there can be nothing "reasonable" about a complaint filed *180* days after the receipt of a "Right-to-Sue-Letter"; nor can service upon a defendant more than a year later be deemed anything other than a deprivation of due process. See *Hawkins v. International Harvester, Inc.*, 461 F.Supp. 588 (W.D.Tenn.1978). This Court has no jurisdiction to entertain Newson's Title VII claims, and they are hereby dismissed.

**B.**

■ In light of the dismissal of the Title VII claims, it is obvious that the appointment of counsel pursuant to 42 U.S.C. § 2000e–5(f)(1) must be vacated.[1] An appropriate order with respect to counsel fees and costs will be entered at the conclusion of this proceeding.

### III

■ American Greetings' motion to dismiss Newson's § 1981 claims is not well taken. Title 42 U.S.C. § 1981 provides a remedy for racial discrimination in private employment separate and apart from the remedies available pursuant to Title VII, and independent of the administrative limitations of 42 U.S.C. § 2000e *et seq. McDonald v. Santa Fe Trail Transportation Co.*, 427 U.S. 273, 285, 96 S.Ct. 2574, 2581, 49 L.Ed.2d 493 (1976).

■ Purposeful or intentional discrimination is a necessary element in a § 1981 action. Although the Complaint herein does not specifically allege a discriminatory intent or purpose, it does allege facts evidencing such a purpose—*i.e.*, it does allege

that Newson was treated differently from white employees. And it does allege a claim pursuant to § 1981. This Court holds that the Complaint, albeit barely, states a § 1981 cause of action, and plaintiff must be allowed to prove the requisite intent.

### IV

For the reasons set forth above, defendant's Motion to Dismiss is granted with respect to plaintiff's Title VII claims and denied with respect to the § 1981 claims. The Motion to Vacate the Appointment of Counsel is granted, and plaintiff is ordered to file, within ten days from the date of this Order, an amended complaint, deleting his allegations based on Title VII, and alleging with specificity his § 1981 claims.

It is so ordered.

---

1. In light of plaintiff's counsel's representations to this Court at a show cause hearing on July 2, 1981, *i.e.*, that plaintiff would suffer no material loss as a result of any dismissal of the Title VII claims, this Court expects counsel to continue, as private counsel, to represent plaintiff on the § 1981 claims.