**Toni LYNN, Plaintiff,**

v.

**JER CORPORATION, et al., Defendants.**

**No. 82–3915.**

United States District Court,
M.D. Tennessee,
Nashville Division.

Aug. 3, 1983.

Marietta Shipley, Don Arkovitz, Nashville, Tenn., for plaintiff.

Jinx Woods, Nashville, Tenn., for defendants.

## MEMORANDUM

WISEMAN, District Judge.

The plaintiff in this case, Toni Lynn, brought suit on October 26, 1982, against the defendants JER Corporation and its president James K. Roussel under Title VII of the Civil Rights Act of 1964. The plaintiff alleged sex discrimination in her termination by Mr. Roussel claiming she was fired because she had children. Upon discovery that she was apparently employed by a subsidiary, JER Builders, Inc. (formerly Construction Properties, Inc.) plaintiff moved on December 14, 1982, to amend the complaint to add JER Builders and other subsidiaries of JER Corporation. Because of the close relations between the two companies and the adequate notice to defendant Roussel, this Court granted leave to amend pursuant to Rule 15(c) of the Federal Rules of Civil Procedure.

The defendants moved for summary judgment asserting that this Court does not have jurisdiction. One of the grounds advanced by the defendants is that "the plaintiff failed to file her lawsuit within ninety days of the right to sue letter as required by 42 U.S.C. § 2000e–5(f)(1)." The right to sue letter was dated July 27, 1982, which was 91 days prior to the bringing of suit. It is well established, however, that "the ninety-day period does not begin until the charging party receives a letter specifically informing him of his right to sue." *Lynn v. Western Gillette, Inc.*, 564 F.2d 1282, 1286 (9th Cir.1977). *Newson v.*

*American Greetings Corp.*, 535 F.Supp. 1389, 1390 (N.D.Ohio 1982). According to her affidavit, the plaintiff received her right to sue letter after July 30. Moreover, since the letter would take at least one day to be received by plaintiff, she has clearly filed suit within ninety days of receipt of the letter as required for jurisdiction.

The defendants' second challenge to jurisdiction is based on the allegation that the plaintiff named the wrong party in her original complaint because she was an employee of JER Builders, Inc., and not JER Corporation. This relates both to whether the parties should have been added and to Title VII's authorization of civil actions against employers "named in the [EEOC] charge." 42 U.S.C. § 2000e–5(f)(1). As a general rule, failure to name a party in the EEOC complaint precludes later civil action against that individual in court. *EEOC v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086, 1092 (6th Cir.1974); *Williams v. Massachusetts General Hospital*, 449 F.Supp. 55, 58 (D.Mass.1978). Courts have recognized that this general requirement is designed to provide notice to the party charged with a violation and to bring the charged party before the EEOC to foster the Act's goal of providing conciliation and securing voluntary compliance. *Bowe v. Colgate-Palmolive Co.*, 416 F.2d 711, 719 (7th Cir.1968); *Curran v. Portland Superintending School Committee*, 435 F.Supp. 1063, 1074 (D.Me.1977). Where these purposes are fulfilled, a party unnamed in an EEOC charge is subject to the jurisdiction of federal courts. *Eggleston v. Chicago Journeymen Plumbers Local 130*, 657 F.2d 890, 905 (7th Cir.); *cert. denied*, 455 U.S. 1017, 102 S.Ct. 1710, 72 L.Ed.2d 134 (1981). Allowing adequate notice and an opportunity for conciliation to confer jurisdiction on unnamed parties prevents frustration of the purposes of Title VII. *Id.*

Congress could not have intended that a person filing EEOC charges should accurately ascertain, at the risk of later facing dismissal, at the time the charges were made, every separate entity which may have violated Title VII. Thus, given the Act's remedial purposes, charges are to be construed with "utmost liberality" and parties sufficiently named or alluded to in the factual statement are to be joined.

*Id.* at 906 (citations omitted).

Courts have utilized various factors to determine whether an unnamed party had adequate notice and opportunity to participate in conciliation hearings. These factors include: 1) Whether the role of the unnamed party could be ascertained at the time of filing the original complaint, 2) whether the interests of the named party are so similar to those of the unnamed party that it would be unnecessary to include the unnamed party for purposes of compliance, 3) whether absence from conciliation proceedings resulted in actual prejudice to the unnamed party, and 4) whether the unnamed party has in some way represented to the plaintiff that its relation to the plaintiff is through the named party. *Glus v. G.C. Murphy Co.*, 562 F.2d 880, 888 (3d Cir.1977).

In the present case all of these factors counsel inclusion of JER Corporation in this suit. It is unreasonable to expect plaintiff to have known that JER Corporation had a legally separate identity from JER Builders, Inc. James K. Roussel was the president and chief operating officer of each corporation. The plaintiff had listed JER Corporation as her employer on her insurance application and was not notified that this was untrue. Other employees of JER Builders, Inc., believed they were employees of JER Corporation as well. JER Builders, Inc., was a wholly owned subsidiary of JER Corporation, was housed in the same office, and had the same officers and shareholders. The plaintiff has introduced many exhibits demonstrating the common understanding of people that the companies were the same.

The interests of the unnamed party are not only similar to those of JER Corporation, they are identical. The president of each company was the one charged with discrimination. He was present at the EEOC conciliation hearings and fully par-

ticipated. If one company had complied, the other certainly would have also. Defendant Roussel, as president of each corporation, had a full opportunity to achieve conciliation for the event in question. Because of the identity of interests of the two companies and the participation of their president, it cannot reasonably be claimed that JER Builders, Inc., did not have actual notice or a full opportunity to participate in conciliation. For the same reason, there has been no showing that JER Builders, Inc., was actually prejudiced by not being named in the original complaint.

The fourth factor of *Glus*, representations to the plaintiff by the unnamed party that its relation to plaintiff is through the named party, is also satisfied in this case. The plaintiff introduced as an exhibit a signed agreement with Mr. Roussel where she was named as Administrative Assistant of JER Corporation. Mr. Roussel did not alter this when he signed it. During the EEOC conciliation hearings, Mr. Roussel never raised the issue that plaintiff was not an employee of JER Corporation. Although the *Glus* factors are not meant to constitute a rigid mechanical test, *Eggleston*, 657 F.2d at 907, each of the factors is present in this case. Therefore, JER Builders, Inc., should be included in this case as were the subsidiary defendants in *Eggleston*.

■ The final objection to this Court's jurisdiction advanced by defendants is that JER Builders, Inc., is not an "employer" as defined by section 2000e(b). This definition requires that the employer maintain at least fifteen employees "for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." The current calendar year is the year in which the alleged discrimination occurred. *Dumas v. Town of Mount Vernon*, 612 F.2d 974, 979 n. 4 (5th Cir.1980). In this case plaintiff was discharged on January 4, 1982. Therefore, 1982 is the current calendar year for purposes of determining the number of employees.

■ JER Builders, Inc., had fifteen or more full time employees for only nineteen weeks in 1982. In the week of April 30, 1982, however, it had fourteen full time employees and four other employees who each worked two days that week. Many courts have held that part time employees should be counted in determining the total number of employees. In *Armbruster v. Quinn*, 711 F.2d 1332 at 1340 (6th Cir. 1983), the Sixth Circuit stressed that "the term employee is clearly to be given a broad construction under all provisions of the Act." "Were there any doubt or ambiguity in the matter," the court held, "we would resolve it in favor of coverage." *Id.* at 1341.

*Armbruster* held that manufacturers representatives are "employees" within Title VII. It is under its guidelines that this Court must analyze this case. Since many courts have held that part time employees should be counted in the total number of employees, the mandated "broad coverage" necessitates counting the week of April 30, 1982, toward the jurisdictional requirements. In *Dumas v. Town of Mount Vernon*, 612 F.2d 974, 979 n. 7 (5th Cir.1980), the court stated that one should consider whether an employee was on the payroll on each day rather than examining whether he was working full time or on any particular day. Other courts have followed *Dumas* and counted part time employees toward the fifteen employee requirement whether they work part of each day or full days for part of each week. *Hornick v. Borough of Duryea*, 507 F.Supp. 1091, 1098 (M.D.Pa. 1980) (part time each day); *Pedreyra v. Cornell Prescription Pharmacies*, 465 F.Supp. 936, 941 (D.Colo.1979) (either part time each day or part of each week); *Pascutoi v. Washburn-McReavy Mortuary, Inc.*, 11 E.P.D. ¶ 10,442 (D.Minn.1977), cited in *Pedreyra* (part of each week). Because the number of weeks in which JER Builders, Inc., employed fifteen or more full and part time employees equals or exceeds twenty, this Court should exercise jurisdiction.

Because jurisdiction is properly exercised by counting part time employees toward the minimum requirements, it is unneces-

sary to address whether jurisdiction should be exercised by consolidating JER Builders, Inc., with its parent company, JER Corporation, which had three employees. In *Armbruster* the Sixth Circuit observed that "When sufficient control is found, the two corporate entities may be given single employer status such that their combined number of employees will be determinative of whether they are subject to Title VII requirements." *Id.* at 1338. In *Armbruster* the court consolidated two companies for Title VII purposes where there was common ownership and there were common corporate directors. *See also Baker v. Stuart Broadcasting Co.*, 560 F.2d 389 (8th Cir.1977). Because this Court has determined that jurisdiction should be exercised based on the number of full and part time employees of JER Builders, Inc., however, it is unnecessary to discuss this issue further.

For all of the above reasons, defendants' motion for summary judgment is denied.