**Elizabeth S. MUSSER**

v.

**MOUNTAIN VIEW BROADCASTING INC., d/b/a WJSO Radio.**

**No. CIV-2-82-90.**

United States District Court,
E.D. Tennessee,
Northeastern Division.

Jan. 11, 1984.

---

Shelburne Ferguson, Jr., and Charlton R. DeVault, Jr., and D. Bruce Shine, Kingsport, Tenn., for plaintiff.

Richard W. Pectol of Richard W. Pectol & Associates, Johnson City, Tenn., for defendant.

## MEMORANDUM AND ORDER

HULL, District Judge.

This is an action for equitable relief and damages for sexual discrimination in employment, brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Tennessee fair employment practices law, T.C.A. § 4-21-101, *et seq.* The plaintiff, a female, was employed as news director by the defendant radio station from March, 1978, through January 5, 1981. She alleges that during that time she was paid a lower salary than male employees with similar or less responsible work; that unlike similarly situated male employees she was required to do receptionist duties during lunch hours; that she was discharged because of her complaints about unequal pay scales; and that subsequent to her discharge the defendant fabricated humiliating and damaging reasons to justify her discharge and failed to cooperate with her social worker when she attempted to receive food stamps. Plaintiff seeks reinstatement with back pay, injunctive relief prohibiting any further discrimination against her, actual damages, and reasonable attorneys' fees.

The defendant moves the Court for an order of dismissal or in the alternative summary judgment on the grounds that the Court is without jurisdiction over the defendant since the latter is not an employer within the meaning of 42 U.S.C. § 2000e(b).

Section 2000e(b) defines the term "employer" as meaning "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year..." The defendant contends by way of affidavit that it has never "in its history" employed the number of employees required by the statute and documents that in 1980 it did not fall within the definition. The plaintiff, however, responded by affidavit and documentation that the defendant did fall within the definition of "employer" in 1981, the year in which the plaintiff was discharged by the defendant.

■ For purposes of § 2000e(b) "current calendar year" is the year in which the alleged discrimination occurred. *Dumas v. Town of Mount Vernon, Ala.*, 612 F.2d 974 (5th Cir.1980). In this case it is undisputed that the plaintiff was discharged by the defendant in 1981. Thus, the "current calendar year" for purposes of this case is 1981.

■ Under the § 2000e(b) requirement that the "employer" shall have maintained at least 15 employees for each working day in each of 20 or more weeks in the current or preceding calendar year, both full and part-time employees can be counted. *Lynn v. JER Corp.*, 573 F.Supp. 17 (M.D.Tenn. 1983). The defendant's records of employment for 1981 submitted by plaintiff show

that defendant did have the requisite number of employees during 1981.

The Court FINDS that the defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

Accordingly, it is ORDERED that defendant's motions to dismiss and for summary judgment are hereby DENIED.