**Carlton Day REED, Sr., et als.**

v.

**R. L. HALPERIN, State Tax Assessor, et al.**

Supreme Judicial Court of Maine.

Oct. 31, 1978.

Smith & Smith by Richard W. Smith (orally), Bath, for plaintiffs.

Jerome Matus, Asst. Atty. Gen. (orally), Augusta, for defendants.

Before WERNICK, ARCHIBALD, DEL-AHANTY, GODFREY and NICHOLS, JJ.

ARCHIBALD, Justice.

The Maine State Tax Assessor applied Maine's Use Tax to material of plaintiffs which they utilized in their bridge construction business. Pursuant to 36 M.R.S.A. § 1957,[1] plaintiffs sought reconsideration of the assessment. On *November 15, 1977,* the plaintiffs received the decision of the Di-rector of the Audit Division of the Bureau of Taxation in which the Director stated his inability to find any basis for changing the assessment. On *December 15, 1977,* the plaintiffs filed a motion for enlargement of time within which to file an appeal from the Director's decision pursuant to 36 M.R.S.A. § 1958.[2] The motion for enlargement according to M.R.Civ.P. 80B(b) and 6(b) was filed contemporaneously with a motion for a stay pursuant to Rule 80B(b).

Plaintiffs' motion for enlargement was heard on January 27, 1978. After denial of the motion plaintiffs requested findings of fact and conclusions of law pursuant to M.R.Civ.P. 52(a).[3] From the justice's issuance of an order with findings of fact and conclusions of law which denied plaintiffs' motion, plaintiffs brought this timely appeal.

We deny the appeal.

The singular issue presented in the case at hand is the construction of Rule 80B(b) in conjunction with Rule 6(b) in order to determine whether a Superior Court justice has authority to enlarge a statutorily-provided period of appeal from the act of a governmental agency. Rule 6(b),[4] which

---

1. 36 M.R.S.A. §§ 1957 and 1958 were repealed, effective July 1, 1978, by P.L.1977, ch. 694, § 704.

2. "§ 1958. Appeals

Any taxpayer aggrieved by the decision upon such petition may, *within 30 days after notice* thereof from the Tax Assessor, appeal therefrom to the Superior Court in any county where he has a regular place of business for making retail sales, or, if he has no such place of business within the State, to the Superior Court in Kennebec County. The appellant shall, when such appeal is taken, file an affidavit stating his reasons of appeal and serve a copy thereof on the Tax Assessor, and in the hearing of the appeal shall be confined to the reasons of appeal set forth in such affidavit. Jurisdiction is granted to the Superior Court to hear and determine such appeals and to enter such order and decrees as the nature of the case may require. The decision upon all questions of fact shall be final. An appeal may be taken to the law court as in other actions. Decisions shall be certified forthwith by the clerk of courts to the Tax Assessor." (emphasis supplied)

3. The plaintiffs, as unsuccessful movants, were not entitled, as of right, to findings of fact and conclusions of law. Rule 52(a) precludes this possibility by its own language, namely:

"Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 *or any other motion* except as provided in Rule 41(b)." (emphasis supplied) Rule 41(b) treats only the involuntary dismissal of actions for want of prosecution.

4. "(b) Enlargement. *When by these rules or by a notice given thereunder or by order of court* an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect, but it may not extend the time for taking any action under Rules 50(b), 52(b), 59(b), (d) and (e), 60(b), 73(a) and 74(a) and (*o*) except to the extent

governs generally the enlargement of time *prescribed by the Maine Rules of Court Procedure* or *an order of court*, clearly does not by itself contain language that would allow an enlargement of a period prescribed expressly by statute.[5] Rule 6(b) does, however, suggest the possibility that some *other rule* would provide for the enlargement of a statutory period of appeal. Arguably a rule that allows for enlargement of a statutory period would also be a rule by which "an act is required or allowed" within the meaning of Rule 6(b).

Appellants suggest that Rule 80B(b) provides for enlargement of a time limit established by statute. Rule 80B(b) states:

> "The *time* within which review may be sought shall be *as provided by statute, except* that *if no time limit is specified by statute, the complaint shall be filed within 30 days* after notice of any action or refusal to act of which review is sought *unless the court enlarges the time* in accordance with Rule 6(b), and, in the event of a failure to act, within six months after expiration of the time in which action should reasonably have occurred. Except as otherwise provided by statute, the filing of the complaint does not stay any action of which review is sought, but the court may order a stay upon such terms as it deems proper." (emphasis supplied)

It is appellants' contention that the phrase "unless the court enlarges the time" modifies both possible time limits, "time . . . provided by statute" and "within 30 days after notice."

We disagree.

A clear reading of Rule 80B(b) discloses that an enlargement is available for the 30-day period established within the rule for those instances in which no time limit is prescribed by statute, but enlargement of a statutorily-provided period of appeal is not possible. Rule 80B(b) reflects a deference to legislative policy. Statutes, such as 36 M.R.S.A. § 1958,[6] illustrate a legislative attempt to accommodate the right of an aggrieved person to appeal an administrative decision and the necessity for a reasonable finality to the mandates emanating therefrom. Because the administration of the government must not be unnecessarily impeded, the right of judicial review may be legislatively limited. The legislature having considered these countervailing policies and established a time limit, statutorily-provided periods of appeal should not be subject to Rule 6(b) enlargement.

■ Since the mere filing of a motion for enlargement is not sufficient according to M.R.Civ.P. 80B(a) to commence a statutorily-provided appeal of a governmental act, the appellants failed to appeal within 30 days as Section 1958 required. Not being subject to enlargement, the time limit for

---

and under the conditions stated in them. . . . ." (emphasis supplied)

5. The first sentence of M.R.Civ.P. 6(a) is:
"In computing any period of time prescribed or allowed by these rules, by order of court, *or by any applicable statute,* the day of the act, event, or default after which the designated period of time begins to run is not to be included." (emphasis supplied)
The absence of the emphasized language from Rule 6(b), when it could have easily been included, makes it clear that enlargement of time for statutorily fixed periods was not intended. Although 1 M.R.S.A. § 71(12) adopts M.R. Civ.P. 6(a) by reference, it does so only for purposes of *computing* such statutory time periods as may be "prerequisite to . . . the commencement, prosecution or defense of any civil . . . action or other judicial proceeding." Had the Legislature so desired, it

could likewise have incorporated the provisions of Rule 6(b) in a statute.

6. The judicial review previously cognizable under 36 M.R.S.A. § 1958 (see n.2, *infra*) is now governed by 5 M.R.S.A. §§ 11001–11008, which became effective July 1, 1978. It should be noted that 5 M.R.S.A. § 11002(3) provides:
"The petition for review shall be filed within 30 days after receipt of notice if taken by a party to the proceeding of which review is sought. Any other person aggrieved shall have 40 days from the date the decision was rendered to petition for review. If the review sought is from an agency's failure or refusal to act, the petition for review shall be filed within 6 months of the expiration of the time within which the action should reasonably have occurred."
The newly enacted statute makes no provision for an extension of the time periods.

appellants' request for review of the State Tax Assessor's decision expired on December 15, 1977, thirty days after notice of the Tax Assessor's decision. The appellants thereby lost their right to appeal the Tax Assessor's decision.

The entry is:

Appeal denied.

McKUSICK, C. J., and POMEROY, J., did not sit.