**CITY OF LEWISTON, et al.**

v.

**MAINE STATE EMPLOYEES ASSOCIATION, et al.**

Supreme Judicial Court of Maine.

Argued Nov. 1, 1993.

Decided March 16, 1994.

George S. Isaacson (orally), Alfred C. Frawley, Daniel C. Stockford, Brann & Isaacson, Lewiston, for plaintiffs.

Hugh G.E. MacMahon, Portland, amicus curiae Maine School Bd. Ass'n.

Judith A. Dorsey (orally), Maine Labor Relations Bd., Timothy L. Belcher (orally), Maine State Employees Ass'n, Augusta, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN, and DANA, JJ.

DANA, Justice.

The Maine State Employees Association and the Maine Labor Relations Board (referred to individually as "MSEA" and "Board," and collectively as "appellants") appeal the order of the Superior Court (Androscoggin County, *Delahanty, C.J.*), which vacated a decision of the Board. Because the City of Lewiston and the Lewiston School Committee (the "Employers") did not file their appeal from the Board's decision within the fifteen-day period prescribed by 26 M.R.S.A. § 968(5)(F) (Supp.1993),[1] we vacate the judgment and remand with instructions to dismiss the appeal.

## I. *Facts and Procedure*

The Employers are subject to the provisions of the Municipal Public Employees Labor Relations Law, 26 M.R.S.A. §§ 961–974 (1988 & Supp.1993), which requires them to bargain collectively with their employees' agent, the MSEA. *Id.* at § 964(1)(E) (1988). The Employers and the MSEA were parties to a two-year collective bargaining agreement effective July 1, 1989 to June 30, 1991 (the "Agreement"), which provided that employees' wages would be subject to periodic step increases. After the Agreement expired, without a successor agreement in place, the Employers froze the wages at the rates in existence as of June 30, 1991.

In taking this action, the Employers adhered to the Board's "static status quo" rule for wages, adopted in *Easton Teachers Ass'n v. Easton School Comm.*, No. 79–14 (Me. L.R.B. Mar. 13, 1979). Pursuant to the *Easton* rule, after a collective bargaining agreement expired with no new agreement in place, public employers could pay wages at the rates in existence as of the expiration date, unless the collective bargaining agreement provided otherwise. Three months after the Agreement expired, the Board reversed *Easton*, and adopted the "dynamic status quo" doctrine, which required a public employer, in the absence of a new collective bargaining agreement, to pay wages in accordance with the wage plan of the expired agreement, including any scheduled step increases. *Auburn School Adm'rs Ass'n v. Auburn School Comm.*, No. 91–19 (Me. L.R.B. Oct. 8, 1991), *consolidated appeals dismissed per stipulation*, No. CV–91–459 XCV–91–464 (Me.Super.Ct., And.Cty., Apr. 24, 1992).

In December 1991, the MSEA filed prohibited practice complaints with the Board, alleging that the Employers failed to negotiate in good faith when they "unilaterally suspended" the step increases. Applying the new *Auburn* rule to the facts stipulated by the parties, the Board issued a decision on September 11, 1992, finding that the Employers' suspension of the Agreement's wage plan violated 26 M.R.S.A. § 964(1) (1988).[2] The

---

1. Title 26 M.R.S.A. § 968(5)(F) (Supp.1993) provides in pertinent part as follows:
   Either party may seek a review by the Superior Court ... of a decision or order of the Maine Labor Relations Board by filing a complaint in accordance with the Maine Rules of Civil Procedure, Rule 80C, *if the complaint is filed within 15 days of the date of issuance of the decision.*

2. Title 26 M.R.S.A. § 964(1) (1988) provides that a public employer is prohibited from "[r]efusing to bargain collectively with the bargaining agent of its employees."

Board ordered the Employers to pay all step increases due the employees during the contractual hiatus and interest on amounts that remained unpaid after October 11, 1992.

Although the first page of the Board's order stated that it was issued on September 11, 1992, the final page omitted the date. The order advised the parties of their right to appeal, and instructed them to "file a complaint with the Superior Court within fifteen (15) days of the date of this decision." On September 14, the Board issued the order again, and filled in the September 11 date on the last page.

Because the fifteen-day deadline fell on Saturday, September 26, the complaint was due on Monday, September 28. On the preceding Friday, the Employers' counsel mailed a petition for review of the Board's decision to the Superior Court (Androscoggin County). Although the United States Post Office "service commitment" specifies a delivery period of one day for first class mail between Lewiston (the location of counsel's office) and Auburn (the location of the Superior Court), the clerk's office stamped the petition "RECEIVED SEP 29, 1992." The record contains no evidence to explain the delay.

Because the petition was not filed within the fifteen-day period prescribed by 26 M.R.S.A. § 968(5)(F), the MSEA filed a motion to dismiss for lack of jurisdiction. In response, the Employers filed a motion requesting that the Superior Court accept the petition as having been filed on September 28, 1992 or, in the alternative, to grant a one-day enlargement of time after-the-fact. The Superior Court (Cole, J.) granted the motion for enlargement of time pursuant to M.R.Civ.P. 6(b), finding that the reliance of the Employers' counsel on the service standards of the post office, "followed by a failure to telephone the clerk's office to double-check on the clerk's timely receipt of the petition," was excusable neglect.

After a hearing on the merits, the Superior Court (Delahanty, C.J.) vacated the Board's order. The court concluded that the Board exceeded its authority by abandoning the static status quo doctrine and by ordering the Employers to pay the step increases.

The MSEA and the Board filed this timely appeal.

## II. *Authority to Entertain Appeal*

All of the parties to this appeal urge us to reach the issue of the Board's authority to adopt the dynamic status quo doctrine. Before we can reach this issue, however, we must first determine whether the Superior Court had the authority to entertain the appeal.

■ Section 968(5)(F) provides that parties may appeal a Board decision to the Superior Court provided they file a complaint "within 15 days of the date of issuance of the decision." The appellants argue that the Employers' untimely filing of the petition for review deprived the court of the power to entertain the appeal. The appellants further argue that the court lacked authority to grant the Employers' motion for enlargement of time pursuant to M.R.Civ.P. 6(b). We agree.

■ In *Reed v. Halperin*, 393 A.2d 160, 162 (Me.1978), we held that statutory periods of appeal are not subject to a court-ordered enlargement of time. *See also Brown v. State, Dep't of Manpower Affairs*, 426 A.2d 880, 887–888 (Me.1981) ("judicial enlargement of a statutorily provided period of appeal is not possible"). If a party does not file an appeal within the statutory period, the Superior Court has no legal power to entertain the appeal.

The Employers raise four arguments to overcome this deficiency, none of which is convincing. They first argue that the Superior Court acted within its discretion by granting the one-day extension. They assert that the court properly found that their counsel's reliance on the post office was "excusable neglect," pursuant to M.R.Civ.P. 6(b). In light of *Reed* and *Brown*, this argument has no merit.

■ The Employers then argue that the Superior Court could have concluded that the Board's decision was actually issued on September 14, the day on which the Board mailed a corrected copy to the parties. The Employers maintain that "[i]t would be un-

fair to litigants to measure an appeal period from the date that an incomplete administrative decision was issued, especially when the agency subsequently issues a complete and conforming decision." The Employers cannot escape the fact that the front page of the original decision clearly stated that it was issued on September 11, 1992. The fact that the Board later filled in the blank line with information that had already been made available should not affect when the statutory appeal period begins to run. As the Supreme Court of New Jersey held in *City of Newark v. Fischer*, 3 N.J. 488, 70 A.2d 733, 735 (1950):

> The general rule is that where a judgment is amended in a material and substantial respect the time within which an appeal from such determination may be taken begins to run from the date of the amendment, but where an amendment relates solely to the correction of a clerical or formal error in a judgment it does not toll the time for appeal.

*See also* 2 Am.Jur.2d *Administrative Law* § 544 (1962) ("where an amendment relates solely to the correction of a clerical or a formal error in the judgment, the appeal time is not extended but is computed from the date of the original judgment"); *cf. Packard v. Whitten*, 274 A.2d 169, 174 (Me.1971) (where the trial court's amended judgment does not affect the original judgment, the appeal period runs from the entry of the original judgment).

The Employers further argue that the fifteen-day time period could run from the date of service, as opposed to the date of issuance. *See Town of Old Orchard Beach v. Old Orchard Beach Police Patrolmen's Ass'n*, 461 A.2d 1054, 1055–1056 (Me.1983) (time period for appealing Board decisions runs from the date of service and, if service is by mail, three days is added to the time period pursuant to M.R.Civ.P. 6(d)). As the Employers acknowledge, however, section 968(5)(F) has been amended since the *Old Orchard Beach* decision. The prior version provided that a complaint must be filed "within 15 days of the effective date of the decision," but did not define "effective date." We concluded that "effective date" meant the date of service.

*Id.* at 1055–1056. The current version of section 968(5)(F) provides that the complaint must be filed "within 15 days of the date of *issuance* of the decision," thus rendering *Old Orchard Beach* inapposite to the present case. The three-day extension for mailing provided for in M.R.Civ.P. 6(d) also does not apply, since the Employers were required to file their appeal from the date of issuance, not the date of service.

■ Finally, the Employers argue that the Superior Court could have "ordered that the Petition be deemed accepted by the Clerk's office" on September 28, 1992. Under this analysis, the court could have made a finding of fact that, in light of the service standards of the post office, the petition was timely filed with the clerk's office. If the court had indeed made such a finding, it would be adopting a rule that mailing a pleading "reasonably" prior to the deadline is the equivalent of filing it in the clerk's office. Such a finding would contradict section 968(5)(F), which clearly provides that the petition for review must be *filed* within fifteen days of the Board's decision. If the Legislature had intended for mailing reasonably in advance of the deadline to suffice, it could have so provided.

Although the Employers and their counsel may have reasonably believed that the petition would be timely filed, it was one day late. Even if this late filing resulted from excusable neglect, the result is the same. The Superior Court had no authority to grant a one-day extension pursuant to M.R.Civ.P. 6(b), nor did it have the authority over the Employers' appeal. Its judgment reversing the Board's decision must therefore be vacated.

The entry is:

Judgment vacated. Remanded to the Superior Court with instructions to dismiss the appeal.

All concurring.