STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-99-16
DHM - KEN - 8/31/2000

KEVIN TARDIFF,

Petitioner

v.                                                      DECISION AND ORDER

MARTIN MAGNUSSON,

Respondent

This matter is before the court on motion by respondent to dismiss petitioner's petition for review of agency action for lack of jurisdiction pursuant to M.R. Civ. P. 12(b)(1). The petitioner seeks review of a decision of the Department of Corrections to transfer the petitioner from the Maine State Prison to the Maine Correctional Institution -- Warren.

On September 16, 1998, the Maine State Prison Classification Committee recommended to the Warden that the petitioner be transferred to Maine Correctional Institute in accordance with Maine State Prison Classification Policy 18.1B(3)(a)(1). The Warden approved the Classification Committee's recommendation on the same date. On September 17, 1998, the Commissioner of the Department of Corrections approved the transfer in accordance with Classification Policy Procedure F(2) & (5). This policy authorizes a transfer upon the authorization of the Warden of the Maine State Prison, after recommendation of the Maine State Prison's Classification Committee, or the Maine Correctional Institution's Program Review Subcommittee but always with the final approval of

the Commissioner or his designee. The Commissioner or designee must give approval for all prisoner transfers to assure the most effective and best use of departmental services.

The Maine Correctional Institution's Program Review Committee met in accordance with classification policy and reviewed the petitioner's placement at the facility. On October 7, 1998, the petitioner was allowed to participate in this review both by submitting written comments and attending the proceeding. The Program Review Committee approved the transfer on October 7, 1998, and the Deputy Warden indicated his concurrence with the Committee's recommendation on October 8, 1998. In accordance with correct procedure, the petitioner submitted a written appeal on October 13, 1998, to the Warden. By letter dated October 26, 1998, the Warden acknowledged, but denied, the petitioner's appeal.

Under the Department of Corrections' policy, the Warden is the final authority regarding classification decisions. Classification Policy Procedure H(1). Under the procedures of the Maine State Prison and the Department of Corrections, no further review of the decision to transfer the petitioner to a Maine Correctional Institution was available within the agency. Therefore, the final agency action occurred on or about October 26, 1998. On February 22, 1999, as indicated by date stamp of the Clerk of Courts of Kennebec County, petitioner's petition for review of agency action was filed with the court.

Title 5 M.R.S.A. Subchapter VII provides judicial review of final agency action. Title 5 M.R.S.A. § 11002 provides for the filing of a petition for such review

in the Superior Court within 30 days after receipt of notice if taken by a party to the proceeding of which review is sought. Otherwise, any other person aggrieved shall have 40 days from the date the decision was rendered to petition for review.

Jurisdiction in the courts of these matters is provided by Title 5 of the Maine Revised Statutes Annotated as implemented by the court in its Maine Rules of Civil Procedure. Since jurisdiction over the subject matter is provided by statute, this court has no authority to provide a waiver to statutory requirements such as the time for filing a petition for review. *See McKenzie v. Maine Employment Security Commission*, 453 A.2d 505 (Me. 1982) and *Lewiston v. Maine State Employees Ass'n*, 638 A.2d 739 (Me. 1994). Inasmuch as this petition was filed more than 40 days after the final agency action, this court is without jurisdiction to hear the matter.

However, the petitioner argues that he had a right to appeal to the Commissioner of the Department of Corrections, that he did so and the failure of the Commissioner to respond to his appeal precludes a determination of final agency action and that, therefore, he had six months from the refusal of the Commissioner to act as provided in 5 M.R.S.A. § 11002(3). Petitioner presents no authority under the Classification Policy regulation for this conclusion. Nor does he argue any provision in law for this appellant allowance. However, petitioner points to a letter of the Warden of the Maine State Prison to him dated October 26, 1998, the document which denied his appeal and constituted final agency action.[1]

---

[1] His reliance on the letter makes it clear that he was in receipt of same.

3

In the second paragraph of the letter of the Warden, the Warden relates to the petitioner's request for free photocopies to aid the petitioner's appeal. The third sentence reads as follows: "Any and all documentary evidence you wish to send to the Commissioner on an appeal you can send directly to him." By this language, the Warden appears to be clearly instructing the petitioner that he has a right to appeal his transfer to the Commissioner contrary to the regulation and the Warden's final authority on the matter. The petitioner seeks relief on constitutional grounds because of being misled by the Warden.

Whether or not the petitioner was misled by the letter of the Warden, there is nothing within the concepts of due process to grant this court jurisdictional authority when none exists. Furthermore, the petitioner was afforded an opportunity to participate in the review process, he could have brought a petition for Rule 80C final agency action review within 30 days of October 26, 1998, but he did not do so. This court finds no due process implication that would deny the petitioner by his reliance upon the Warden's letter rather than availing himself of an understanding of the regulations of the Department.[2]

---

[2] The Classification Policies of the Department of Corrections explicitly state that the Commissioner is the final approving authority on transfers. It then makes the Warden the final approving authority of classifications. To this court, this situation provides a confusing interpretation as to when a transfer is a classification proceeding and when it is simply a matter of administrative requirements of housing. Such a regulatory framework is easily susceptible to confusion to a layman.

The entry will be:

This court lacks jurisdiction of the petition untimely filed; the petition is DISMISSED.

Dated: 3-31-co

Donald H. Marden
Justice, Superior Court

Date Filed __2/22/99__ __Kennebec__ Docket No. __AP99-16__

County

Action __80C__

DONALD L. GARBRECHT
LAW LIBRARY

APR 7 2000

Kevin Tardiff vs. Martin Magnusson

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Kevin Tardiff<br>Me State Prison MDOC # 2647 B-204<br>Box A<br>Thomaston  Me       04861-0500 | Susan A Sparaco AAG<br>6 State House Sta<br>Augusta  Me  04333 |

| Date of Entry | |
|---|---|
| 2/22/99 | Petition for review of agency action filed.   s/Tardiff,Pro Se |
| 2/24/99 | Original Petition for Review returned to Pltf. for signature and date.<br>Application to Proceed without Payment of Fees mailed to Pltf. |
| 3/1/99 | Review of Agency Action, filed. s/Tardiff, Pro Se<br>Application to Proceed Without Payment of Fees, filed. s/Tardiff, Pro se |
| 3/3/99 | APPLICATION TO PROCEED WITHOUT PAYMENT, Studstrup, J.<br>It is ORDERED that the filing is wavied and service costs to be paid as expense of administration.<br>Copies mailed to Pltf. |
| 3/10/99 | Letter from Kevin Tardiff to Justice Studstrup, filed.<br>Proposed Court Order, filed.<br><br>Copies of above filing mailed to D.O.C. per Justice Studstrup. |
| 3/22/99 | Motion to dismiss filed.   s/Sparaco,AAG<br>Proposed order filed.<br>Request for hearing on motion filed.  s/Sparaco,AAG<br>Respondents motion for enlargement of time for filing record filed. s/Sparaco,AAG<br>Proposed order on motion for enlargement of time filed.<br><br>Letter and attached copies of fee policy from Diane Sleek, AAG. to Justice Strudstrup, filed.<br><br>Petitioner's Motion to Dismiss Respondent's Motion to Dismiss with attached copies of Prisoner Account, filed. s/Tardiff. |
| 3/23/99 | Motion for Dismiss of Respondent's Requested Motion to Dismiss, filed.<br>Motion to Dismiss Repondent's Motion for Enlargement of Time, filed. s/ Tardiff. |