STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-99-50
JTCA-KEN - 5/2/2000

GUY HART ENTERPRISES, INC.,

Petitioner

v.

DECISION AND ORDER

STATE TAX ASSESSOR,

Respondent

This matter is before the court on the State Tax Assessor's Motion to Dismiss and on the petitioner's Motion for Summary Judgment, Motion for Procedural Order, and Motion to Strike. Because the Motion to Dismiss may serve to dispose of this case in its entirety, judicial economy dictates that it be addressed first.

In its motion to dismiss, the respondent State Tax Assessor (STA) claims that the petitioner's notice of appeal was not timely filed in this court so that there is no jurisdiction to consider the matter further. In order to address the merits of this contention, it is necessary to briefly recount the procedural history of this case.

On September 25, 1997, Maine Revenue Services (MRS) issued a "Corrected Assessment" of sales and use taxes, including interest and penalties, payable by Tri-State Rubbish, the petitioner's predecessor business entity, for front load containers leased to Tri-State by Plummer Leasing. On October 8, 1997, Tri-State made a timely petition for reconsideration of this corrected assessment. Petitioner's counsel, Ralph Dyer, Esq., represents to this court in an affidavit that he asked MRS to communicate with him directly about the reconsideration petition rather than to

his client. The correspondence provided with Mr. Dyer's affidavit suggest that MRS complied with this request.

On May 21, 1999, MRS, through the director of its appellate division, upheld the corrected assessment and thereby denied the October 8, 1997 petition. This document, in the form of a letter, was addressed to Tri-State Rubbish, Inc., attention Guy Hart, Jr., president. It was sent by certified mail to Tri-State and received there by Linda Hart on May 22, 1999. MRS did not send a copy of this letter to Mr. Dyer. Instead, Mr. Dyer learned of the decision and got a copy of it from his client on either May 24 or 25.

In the letter of May 21, 1999, the following language appears in its final paragraph:

> This determination constitutes final action on behalf of this agency, for which no further administrative review is available. If you wish judicial review of this documentation, you must file a petition for review in Superior Court within thirty (30) days of receipt of this notice in accordance with 36 M.R.S.A. § 151 and 5 M.R.S.A. § 11002. The address of the Kennebec County Superior Court is 95 State Street, Augusta, Maine 04330, Attn: Nancy Desjardin, Clerk. As of October 15, 1997 the correct filing fee was $120.

On May 26, 1999, Mr. Dyer sent a letter to the author of the May 21 letter from MRS entitled, "Re: Second Request for Reconsideration . . ." It concludes with the following sentence, "Tri-State will be taking an appeal and will move forward in order to avoid any limitations issues while the Appellate Division considers this request." On June 8, 1999, MRS responded to this letter, advising Mr. Dyer that the May 21 letter represented final agency action, "and thus has started the time period within which the taxpayer may petition for review in Superior Court. Once a

2

reconsideration decision is issued, the Appellate Division does not again reconsider a case." It went on to say, ". . . such a request for further review does not stop or extend the time period for filing a petition for review in Superior Court."

On June 23, 1999, the pending Petition for Review of Final Agency Action was filed in this court. Because June 23 was the 32nd day after the petitioner received the letter denying its request for reconsideration of the corrected assessment, the STA claims that the petition is untimely and must be dismissed. In advancing this claim, the STA points to 5 M.R.S.A. § 11002(3) (1989) which mandates that a petition for review of final agency action be filed in the Superior Court within 30 days after receipt of notice of the agency action.

The petitioner advances several arguments to counter this claim and save this appeal. First among these is the contention that, because MRS had sent previous correspondence to petitioner's counsel at his request concerning this dispute, the notice of the denial of the reconsideration request should have been sent to him instead of his client, and that, because he did not receive a copy or learn of this decision until May 24, at the earliest, the 30-day appeal period should be counted from that date.

Title 36 M.R.S.A. § 151 (Supp. 1998) *amended by* P.L. 1999, ch. 414, § 7 (effective June 5, 1999),[1] however, mandates that a decision on reconsideration is to be mailed *to the taxpayer* by certified or registered mail." (emphasis supplied) While MRS

_____

[1] All citations to 36 M.R.S.A. § 151 in this order are to this prior version of the statute, rather than the current version located at 36 M.R.S.A. § 151 (Supp. 1999).

may have honored the request to send correspondence to petitioner's attorney rather than his client, MRS was required by the dictates of the cited statute to send its decision on reconsideration to the taxpayer itself by the prescribed means. Had it failed to do so, the taxpayer could well have claimed that the appeal did not begin to run until MRS complied with the prescribed notice provisions of the cited statute. The fact that MRS did not send a copy of its decision to petitioner's attorney is of no consequence. The law did not require it to do so, and petitioner's counsel received the decision within a few days of his client. In doing so, the attorney must have become aware of the date of the decision and the obvious circumstance that his client had received it before he did.[2] That being so, a reference to the statute would have advised that MRS was required to send the reconsideration decision to the taxpayer, that the decision was final agency action, and that the appeal period of 30 days had begun to run upon the receipt of that letter by the taxpayer/party. 36 M.R.S.A. § 151 (Supp. 1998), 5 M.R.S.A. § 11002(3) (1989). Moreover, nothing in the statutes would authorize MRS or this court to recognize a different method of providing notice to a taxpayer of a reconsideration decision or a different method of calculating the running of the appeal period from final agency action. MRS's agreement to correspond with petitioner's counsel was obviously nothing more than an accommodation without legal significance which cannot serve as a

---

2 The May 21, 1999 letter warned the petitioner, and its counsel upon his receipt of a copy, that the appeal period began to run within 30 days of the receipt of the notice. Similar advice was contained in the letter from the MRS to Mr. Dyer on June 8, 1999.

4

sanctioned departure from legislative mandates as to appellate procedure following administrative action.[3]

The petitioner also argues that its counsel's letter of May 26, 1999, asking for further reconsideration tolled the time period within which an appeal must be taken.

Contrary to this argument, however, is the plain text of 36 M.R.S.A. § 151 (Supp. 1998) which declares that the STA's "decision on reconsideration constitutes final agency action . . ." That being so, a further reconsideration of the STA's action would not constitute final agency action, restarting the appeal period, because the final agency action had already occurred. Indeed, as noted, petitioner's counsel was advised of this circumstance in the MRS letter of June 8, 1999, and acknowledged in his letter to MRS on May 26, 1999, that the petitioner would be moving forward with its appeal "to avoid any limitations issues" while its second request for reconsideration was being evaluated. Thus, it is plain that the law requires that the 30-day time period for taking appeals runs from the date of the receipt of the notice of the final agency action, as opposed to some later date on which a further reconsideration might be made,[4] and that the petitioner, through his counsel, knew that the appeal period was running as they sought further agency action. All this

---

[3] According to the record, while MRS did send all correspondence to Mr. Dyer, official notices appear to have been sent in each instance to the taxpayer.

[4] If further motions, pleadings, or letters asking for agency reconsideration of its decision could act to toll the time period for taking appellate action, then all a petitioner would need to do would be to ask for one reconsideration after another in order to extend the time for taking an appeal or to avoid the consequences of the agency action complained of.

being so, this argument also will not assist the petitioner in its quest to defeat this motion.

Last, the petitioner argues that the respondent should be estopped from challenging the timeliness of this appeal because it allowed the appellate process to proceed without objection for nearly three months before filing the pending motion.

The Law Court, however, has held that the time limits for appeals under the Administrative Procedure Act (APA), 5 M.R.S.A. § 8001-11008 (1989 & Supp. 1999) are jurisdictional and, as such, noticeable *sua sponte. Brown v. State Dep't of Manpower Affairs*, 426 A.2d 880, 888 (Me. 1981). "The Superior Court's duty to dismiss an action when it learns it is without jurisdiction is not affected by the manner in which the jurisdictional facts in the record are brought to its attention." *Id.*

In this regard, the petitioner objects that the return receipt evidencing the delivery of the decision on reconsideration on May 22 was included in the record as proof that the appeal period began on that date. Nevertheless, in the affidavit of petitioner's counsel, it is acknowledged that the decision was dated May 21, 1999, sent by certified mail to the taxpayer, and "apparently" received by the taxpayer on May 22, 1999, as the respondent claims. The petitioner's protest of the addition of a copy of the return receipt to an affidavit accompanying the pending motion, therefore, lacks the element of a factual dispute that might add some persuasive value to this point.

6

In the end, it is apparent that this appeal was simply not filed on time and the respondent bears no fault for this temporal error. That being so, the result of this contested motion is clear because, "[i]f a party does not file an appeal within the statutory period, the Superior Court has no legal power to entertain the appeal." *City of Lewiston v. Maine State Employees Ass'n*, 638 A.2d 739, 741 (Me. 1994). Because the petitioner did not file its appeal within the applicable time periods as prescribed by section 11002(3) of the APA, the court is without jurisdiction to consider the appeal, and the motion to dismiss must be granted.

Because this action terminates this case with prejudice, the remaining pending motions are rendered moot and must also be denied.

Accordingly, the entry will be:

> Motion to Dismiss is GRANTED; Motion for Summary Judgment is DENIED; Motion for Procedural Order is DENIED; Motion to Strike is DENIED.

So ordered.

Dated: *May 26, 2000*

John R. Atwood
Justice, Superior Court

7

Date Filed __6/23/99__ __Kennebec__ Docket No. __AP-99-50__

County

Action __Petition for Review 80C__

DONALD L. GARBRECHT
LAW LIBRARY

JUN 9 2000

Guy Hart Enterprises Inc.     vs.     Maine Revenue Services

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Ralph Dyer, Esq.<br>477 Congress St. Suite 1010<br>Portland Maine 04101 | Clifford Olson, AAG.<br>State House Sta 6<br>Augusta Maine 04333 |

| Date of Entry | |
|---|---|
| 6/23/99 | Petition for Review of Final Agency Action, filed. s/Dyer, Esq. |
| 7/7/99 | Letter from Clifford Olson, AAG. entering his appearance for State. |
| 7/16/99 | Letter from attorney Thomas Knowlton, AAG. entering his appearance. Original summons with return of service made upon Maine Revenue Service on 6/20/99, filed. |
| 9/22/99 | Motion to Dismiss and incorporated memorandum of law, filed. s/Olson, AAG. Affidavit of I. Lucille Brunelle, filed. (exhibits #1&#2 attached) State Tax Assessors Request for Hearing on his motion to dismiss, filed. Proposed Order, filed. |
| 9/23/99 | Letter from attorney Knowlton withdrawing his appearance for State Tax Assessor, filed. Proposed Order, filed. Proposed Procedural Order, filed.<br><br>Motion to Amend Petition, filed. s/Dyer, Esq. Petitioner's Record on Review, filed. s/Dyer, Esq. Petitioner's Brief on Review, filed. s/Dyer, Esq. Petitioner's Motion for Summary Judgment, filed. s/Dyer, Esq. Affidavit of Ralph Dyer, Esq., filed. Petitioner's Statement of Undisputed Material Fact Pursuant to Rule 7(d)(1), filed.<br><br>Petitioner's Motion for Procedural Order, filed. s/Dyer, Esq. Certificate of Service, filed. s/Dyer, Esq.<br><br>Respondent's Memorandum in Opposition to Petitioner's Motion for Procedural Order, filed. s/Dyer, Esq. Proposed Procedural Order, filed. |
| 10/1/99 | Petitioner's Objection to Motion to Dismiss with Incorporated Memorandum of Law, filed. s/Dyer, Esq. |