STATE OF MAINE                                    SUPERIOR COURT
                                                  CIVIL ACTION
KENNEBEC, ss.                                     DOCKET NO. AP-04-096


JOSEPH G. WORTLEY, JR.,

        Petitioner

        v.                                        ORDER ON APPEAL

JEROME D. GERARD,
ACTING EXECUTIVE DIRECTOR
OF MAINE REVENUE SERVICES,

        Respondent


This matter is before the court on motion to dismiss by respondent Maine Revenue Services. Petitioner has filed a petition for review, titled "Complaint" for a sales tax assessment of June 18, 2004, pursuant to M.R. Civ. P. 80B. Petitioner alleges that, as a matter of fact, he could not be held to be a "responsible person" of the Sea Dog Brewing Company and therefore personally liable for trust funds due the State according to law.

The State Tax Assessor, the respondent, has moved to dismiss the petition pursuant to M.R. Civ. P. 12(b)(1) on the grounds that the court lacks subject matter jurisdiction. He alleges that the petitioner failed to timely request reconsideration of the assessment under appeal as required by 36 M.R.S.A. § 151 and therefore is without authority to review the matter.

On June 18, 2004, the State Tax Assessor, pursuant to 36 M.R.S.A. §§ 141 and 177, assessed the petitioner for sales tax, interest and penalties owed by the Sea Dog Brewing Company. The petitioner received the assessment on June 21, 2004. Under the provisions of 36 M.R.S.A. § 151, the petitioner had 30 days to request reconsideration of the assessment. The petitioner did not make such a request until July 26, 2004, and the

respondent determined that the request for reconsideration was not timely filed and adopted the assessment in full. However, the Assessor, in his letter of November 29, 2004, denying reconsideration, exercised his limited discretionary authority under 36 M.R.S.A. § 142 and considered the matter as a request for abatement but determined there were no grounds to abate the taxes assessed.

In support of its motion, respondent notes that portion of 36 M.R.S.A. § 151 governing the jurisdictional issue in such a case:

> If a person receives notice of an assessment and does not file a request for reconsideration within the specified time period, the Assessor may not reconsider the assessment pursuant to this section and no review is available in Superior Court regardless of whether the taxpayer subsequently makes payment and requests a refund.

Respondent cites *McKenzie v. Maine Employment Sec. Comm'n*, 453 A.2d 505, 509 (Me. 1982) for the proposition that time periods contained within section 151 are jurisdictional and mandatory ("The specific periods of appeal statutorily affixed to the several steps in the chain of administrative review are jurisdictional and mandatory."). "If a party does not file an appeal within the statutory period, the Superior Court has no legal power to entertain the appeal." *City of Lewiston v. Maine State Employees Ass'n*, 638 A.2d 739, 41 (Me. 1994) (petition for review filed just one day late was insufficient to confer subject matter jurisdiction upon court).

Respondent argues excusable neglect and seeks the sympathy in ruling of the court. The petitioner further argues that the notice sent to the petitioner of the assessment did not contain the explanation of petitioner's rights and obligations regarding appeal contrary to the assertion by the respondent. Petitioner has not, however, provided any citation for such a legal requirement nor any precedent vacating the statutory time limit by virtue of such failure. The court further notes, to the extent

petitioner is seeking relief under M.R. Civ. P. 60(1)(b), that such a rule does not confer jurisdiction on the court in the face of a statutory mandate.

Finally, the court notes that to the extent the assessment in this case proceeded pursuant to 36 M.R.S.A. § 142, that provision makes it clear that, "The decision of the Assessor pursuant to this section not to abate all or any part of any tax assessed under this Title is not subject to review under section 151."

Inasmuch as the court is without authority to review the assessment, the entry will be:

ORDERED: James G. Wortley, Jr.'s petition for review of final agency action is DISMISSED.

Dated: August 18, 2005

Donald H. Marden
Justice, Superior Court

Date Filed __12/30/04__ __Kennebec__ Docket No. __AP04-96__

County

Action __Petition for Review__
80B

# J. MARDEN

__Joseph G. Wortley, Jr.__ vs. __Maine Revenue Services__

Plaintiff's Attorney

Joseph T. Walsh, Jr., Esq.
6 State Street
Bangor, Maine 04401

Defendant's Attorney
E. Mary Kelly,
~~Michael~Miller~~, AAG
6 State House Station
Augusta, Maine 04333-0006

| Date of Entry | |
|---|---|
| 12/30/04 | Complaint, Appeal from Maine Revenue Services, filed. s/Walsh, Jr., Esq. |
| 1/10/04 | Letter entering appearance, filed. s/Miller, AAG |
| 1/13/05 | Affidavit, filed. s/Wortley, Jr. |
| 1/14/05 | Original Summons with return service made upon  Maine Revenue Services on 1/7/05 |
| 2/22/05 | Joint Motion for Order Specifying Future Course of Proceedings with Memorandum of Law, filed. s/Walsh, Esq. & Miller, AAG. Proposed Order, filed. |
| 2/24/05 | ORDER SPECIFYING FUTURE COURSE OF PROCEEDINGS, Studstrup, J. (Discovery to be complete 8 months from date of order and motions due with 2 months of close of discovery) Copies mailed to attys of record. |
| 3/15/05 | Notification of Discovery Service, filed. s/Walsh, Jr., Esq. Plaintiff's Request for Production of Documents Propounded Upon Defendant, Jerome D. Gerard, Acting Executive Director, Maine Revenue Services served on Michael Miller, Asst. A.G. on 3/14/05 |
| 3/29/05 | Notice of Withdrawal and Appearance of Counsel, filed. s/Miller, AAG s/Kelly, AAG |
| 4/13/05 | Notification of Discovery Service, filed. s/Kelly, AAG Maine Revenue Services' Response to Petitioner's Request for Production of Documents served on Joseph T. Walsh, Esq. on 4/12/05 |
| 5/2/05 | Maine Revenue Services' Motion to Dismiss with Incorporated Memorandum of Law; Affidavit of Philip Young; Exhibits A-E and Proposed Order, filed. s/E. M. Kelly, AAG |
| 5/19/05 | Motion to Extend Time to Respond to Motion to Dismiss, filed. |