STATE OF MAINE                          SUPERIOR COURT
                                        CIVIL ACTION
KENNEBEC, ss.                           DOCKET NO. AP-05-29


SHARRON V. A. WOOD,

        Petitioner

        v.                              **DECISION ON MOTION**

MAINE EDUCATION
ASSOCIATION, *et al.*,

        Respondents


This matter comes before the court on motions by both respondents to dismiss this appeal pursuant to M.R. Civ. P. 12(b)(1) for lack of jurisdiction. Also pending is the respondents' motion in opposition to late filing, the other side of the coin. By agreement of the parties, these motions are decided on the briefs. Because the court finds that the petition was filed late, depriving the court of its jurisdiction, the motions will be granted.

**Facts**

On April 21, 2005, the Maine Labor Relations Board issued a Decision and Order which is the subject matter of the petitioner's purported appeal. Along with the Decision and Order was a notice stating that any appeals had to be filed with the Superior Court within 15 days of that date. 26 M.R.S.A. sec. 1029 (7). The petitioner attempted to file her appeal on May 5, 2005, within the 15 days, but did so without a summary sheet. The clerk thus returned the complaint as an incomplete filing in accordance with Administrative Order SJC-114. The fifteenth day after issuance of the Decision was May 6, 2005. The petition was refiled with the summary sheet one week later on May 13, 2005, together with a motion for late filing.

## Discussion

The decision on these motions falls squarely within the holding of the Law Court in *City of Lewiston v. Maine State Employees Assn.*, 638 A.2d 739 (Me. 1994). Pursuant to that holding, the court has no authority to grant any extensions of the statutorily derived appeal period and has no jurisdiction to hear the appeal once the appeal period has expired. Receipt of the filing in the clerk's office on May 5, 2005, did not constitute a "filing" since it was incomplete. Both the completed appeal and motion for late filing arrived on May 13, 2005, and were considered "filed" as of that date.

The petitioner's attempts to avoid dismissal by arguing the difference between "filing" and "docketing" also fail. The petitioner suggests that when an incomplete filing is returned to a party and a completed filing is later submitted, the completed filing should be post-dated to the date of the original incomplete filing. This argument is simply contrary to Rule 5(f), which provides in part: "The offerer may refile the documents when all elements are complete. The filing will be docketed when the complete filing is received." According to the Advisory Committee's notes of May 1, 2001, the change in Rule 5(f) to require the clerk to retain a copy of the document purported to be "filed" was simply to allow later review of the clerk's action. "The amendment addresses this problem by having the clerk retain a copy of the document attempted to be filed so that some reflection of timing of the filing is preserved and some recourse is possible in case of an error in rejecting a document." However, the amendment to the rule does not imply that corrected filings would be considered *nunc pro tunc* to the date of the original incomplete filing.

For the reasons stated, the entry will be:

The motions to dismiss and to oppose late filing are GRANTED and ORDERED that the appeal is DISMISSED for want of subject matter jurisdiction.

Dated: October 6, 2005

S. Kirk Studstrup
Justice, Superior Court

Date Filed __5/13/05__ ____Kennebec____ Docket No. __AP05-29__

County

Action ____Petition for Review____

80C

Sharron V.A. Wood                    VS.    Maine Education Association & Maine

| Plaintiff's Attorney | Defendant's Attorney Community College System |
|---|---|
| Grover G. Alexander, Esq.<br>P.O. Box 346<br>Gray, Maine 04039 | Donald Fontaine, Esq. (MEA)<br>97 India Street<br>PO Box 7590<br>Portland, Maine 04112<br>- Linda McGill, Esq. (MCCS)<br>P.O. Box 9729<br>Portland, maine 04104<br>- Lisa Copenhaver, Esq. (ME. Labor Bd.)<br>90 State House Station<br>Augusta, Maine 04333-0090 |

| Date of Entry | |
|---|---|
| 5/13/05 | Petition for Review of Final Agency Action, filed. s/Alexander, Esq.<br>Motion for Late Filing, filed. s/Alexander, Esq.<br>Proposed Order, filed. |
| 5/19/05 | Entry of Appearance, filed. s/Copenhaver, Esq. |
| 5/24/05 | Entry of Appearance, filed. s/Fontaine, Esq. |
| 5/25/05 | Opposition of Respondent Maine Education Association to Motion for Late Filing, filed. s/Fontaine, Esq. |
| 6/3/05 | Motion to be Joined as a Defendant in rule 80C Appeal, filed. s/Copenhaver<br>Motion to Dismiss for Lack of Jurisdiction and Opposition to Motion for Late Filing, filed. s/Copenhaver, Esq.<br>Proposed Order, filed. |
| ------ | Respondent Maine Community College System's Opposition to Petitioner's Motion for Late Filing and Motion to Dismiss, filed. s/McGill, Esq. |
| 6/7/05 | Notice of setting of hearing on motion for late filing on 6/16/05 at 8:30 a.m. sent to attys of record. |
| 6/9/05 | Entry of Appearance on behalf of Maine Community College System, filed s/L. McGill, Esq. |
| 6/15/05 | Plaintiff's Motion to Continue, filed. s/G. Alexander, Esq. |
| ------- | Respondent Maine Community College Systems's Objection to Request to Continue Hearing on Motion for Late Filing, filed. s/McGill, Esq. |
| 6/15/05 | Respondent Maine Community College Systems's Objection to Request to Continue Hearing on Motion for Late Filing, filed. s/McGill, Esq. |
| 6/20/05 | Plaintiff's Motion to Continue is GRANTED. New date to be set by Clerk.<br>s/Studstrup, J. Copies issued to counsel of record. |
| 6/24/05 | Petitioner's Response to Motions to Dismiss and Motion to Join as a Party, filed. s/Alexander, Esq. |