STATE OF MAINE                                    SUPERIOR COURT
KENNEBEC, ss.                                     CIVIL ACTION
                                                  Docket No. AP-09-38,
                                                  JCN-KEN- 9/2?/2009

JOHN D. RHODES                    )
                                  )
            Petitioner,           )
                                  )
      v.                          )          DECISION AND ORDER
                                  )
MAINE REVENUE SERVICES,           )
                                  )
            Respondent.           )


This matter is before the Court on the Assessor's motion to dismiss the petition for

review of final agency action filed by John D. Rhodes ("Rhodes"). The Assessor moved to

dismiss Rhodes's Petition pursuant to M.R. Civ. P. 12(b)(1) on the ground that the court lacks

subject matter jurisdiction because Rhodes failed to timely file his Petition. *Petitioner did not file an objection to the motion in accordance with M.R.Civ.P. 7(c).*

The facts are undisputed. On November 12, 2008, the Assessor issued an assessment

against Rhodes, who timely requested administrative reconsideration. The Assessor denied

Rhodes's request for reconsideration and upheld the assessment by decision dated June 2, 2009.

Although Rhodes received the Assessor's decision on June 8, 2009, it was not until July 17th, 39

days later, that Rhodes filed his petition for review by this Court.

The Court's authority to review the Assessor's decision on reconsideration is granted in

part by 36 M.R.S.A. § 151 (Supp. 2008). Section 151 provides that the Assessor's decision

constitutes final agency action that is subject to judicial review in accordance with the Maine

Administrative Procedure Act, 5 M.R.S.A. §§ 11001-11008 (2008). The Maine Administrative

Procedure Act, specifically 5 M.R.S.A. § 11002(3), requires a petition for review to be filed

"*within 30 days after receipt of notice*." (Emphasis added). This 30-day time limitation is jurisdictional and mandatory. *McKenzie v. Maine Employment Sec. Comm'n*, 453 A.2d 505, 509 (Me. 1982). "If a party does not file an appeal within the statutory period, the Superior Court has no legal power to entertain the appeal." *City of Lewiston v. Maine State Employees Ass'n*, 638 A.2d 739, 741 (Me. 1994) (petition for review filed just one day late was insufficient to confer subject matter jurisdiction upon court). Because Rhodes failed to file the Petition within 30 days after his receipt of the Assessor's decision on reconsideration, the Court is without authority to review the Assessor's decision and has no choice but to dismiss the Petition for lack of subject matter jurisdiction pursuant to M.R. Civ. P. 12(b)(1). *See id.*

Accordingly, it is ORDERED:

    1. The Assessor's motion to dismiss for lack of subject matter jurisdiction shall be, and it hereby is, GRANTED.

    2. Rhodes's petition shall be, and hereby is, DISMISSED.

DATED:      9/28/09

                                          Justice, Superior Court

2

Date Filed __7/17/09__  __Kennebec__  Docket No. __AP09-38__

County

Action __Petition for Review__
80C

John D. Rhodes  vs.  Maine Revenue Services

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| John D. Rhodes, Pro Se PO Box 393 Bath Maine 04530 | Scott Boak ~~Rosenberg~~, AAG 6 State House Station Augusta Maine 04333-0006 |

| Date of Entry | |
|---|---|
| 7/17/09 | Petition for Review, filed. s/Rhodes, Pro Se |
| 7/27/09 | Maine Revenue Services' Motion to Dismiss with Incorporated Memorandum of Law, filed. s/Rosenberg, AAG Proposed Order, filed. |
| 8/13/09 | Letter informing the court that Mr. Rosenberg is no longer with the AAG's office, filed. s/Boak, AAG Letter entering appearance, filed. s/Boak, AAG |
| 9/28/09 | DECISION AND ORDER, Nivison, J. Accordingly, it is ORDERED: 1. The Assessor's motion to dismiss for lack of subject matter jurisdiction shall be, and it hereby is GRANTED. 2. Rhodes's petition shall be, and hereby is, DISMISSED. Copies mailed to party/atty. Copies to repositories. |